CASE 19—PETITION EQUITY—MARCH 26.

# Freeman, etc. v. Mills.

APPEAL FROM LOGAN CIRCUIT COURT.

1. HOMESTEAD—SALE OF BY WIDOW.—Under the provisions of sec.
1707, of the Kentucky Statutes (sec. 14, art. 13, chap. 38, Gen.
Stat.), occupancy of a homestead is a continuing condition
precedent to the right. It was not intended to vest in the
widow an unconditional and vendible life estate in the home-
stead. A permanent abandonment of it by her extinguishes the
right, and an attempted unconditional sale and conveyance by
the widow of her homestead right is a permanent abandon-
ment of it; and as the widow could not pass any title by the
conveyance, the purchaser acquired no title or right of pos-
session under it.

WILBUR F. BROWDER AND JAMES H. BOWDEN FOR APPELLANTS.

S. R. CREWDSON FOR APPELLEE.

(Record and briefs not in the office.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It is substantially alleged in the petition in this action that
John Mills departed this life testate in Logan county, Ky., in
1889, and that his will was duly admitted to probate by the
Logan County Court, and appellee, Mollie A. Mills, was his
widow; that appellants, Martha S. Freeman and Jas. W.
Mills, are the children and only heirs at law of the decedent,
and that appellee, Mollie A. Mills, did not have any children
by her marriage with the decedent. The will of the said
John Mills recited that he had theretofore given to said
Mollie A. Mills a farm in Logan county, worth $1,000, and
had also given her $300 in bonds, cash and other property.

It is also alleged that with the exception of a few small

legacies given the said Mollie, the entire residue of his prop-
erty was devised to the appellants aforesaid. It further
appears from the petition that the said Mollie renounced
the provisions of the will and elected to take under the statute
of descent and distribution, and afterwards instituted suit
to obtain an allotment or assignment to her of a homestead
in the lands of the testator devised to said appellants, and,
by virtue of a judgment rendered in said action, 136 acres of
land was adjudged to her as a homestead. The judgment
was rendered in February, 1893.

It is also alleged that the testator conveyed to the appellee,
Mollie, a tract of land in Logan county, being the same
referred to in the will, whereupon she lived and upon which
she has at all times lived and resided since the death of the
testator.

It is further averred that the appellee, Mollie, did not enter
upon the land so allotted to her for a homestead to use as a
homestead, and never occupied the same or any part of it as
a homestead or otherwise, but soon after the allotment of
the said land to her, she commenced to rent it out, and so
continued until January, 1894, and on the 6th of January,
1894, she sold the same to appellee, Wm. Williams, for the
sum of $1,000, and conveyed the same to him, by deed duly
recorded in the county clerk's office of Logan county.

It is also alleged that there are no debts owing by the
testator, all his debts having been paid by his executor, the
appellant, L. A. Freeman; that said Williams is now in the
possession of said 136 acres of land by virtue of the deed
made to him as aforesaid, and that whatever homestead right

the said widow had has been forfeited, and appellants ask judgment for possession of the said land.

The defendants filed a demurrer to the petition, which was sustained by the court, and plaintiffs declining to amend, the petition was dismissed, and to reverse that judgment this appeal is prosecuted.

The sole question presented for decision is whether or not the absolute sale and conveyance by the widow of the home-stead assigned to her was such an abandonment thereof as forfeited or extinguished the homestead right or claim.

It is the contention of appellee that the sale to Williams did not forfeit the homestead right, and it is urged that the object of the homestead law is to invest the widow with a home, and that support is as strong an inducement for the law as the home. It is conceded by appellee that this question has never been passed on by this court, and we are referred to the case of White v. Plummer, 96 Ills., 394, in support of appellee's contention. It is true that the Supreme Court of Illinois did decide that a widow could by a sale pass the title to her homestead during her life, but it is also true that three of the judges dissented from that opinion, and in practically the same case of Plummer v. White, 101 Ills., 474, the court adhered to the former opinion, but the reasons given in support of the opinion *supra* are not convincing.

The homestead right is a statutory right and must be controlled by the obvious meaning of the statute. Section 14 of chapter 38, page 577, of the General Statutes, in force at the time the right in question accrued, and section 1707 of the Kentucky Statutes are the same, and read as follows: "The homestead shall be for the use of the widow so long as

she occupies the same, and the unmarried infant children of the husband shall be entitled to the joint occupancy with her until the youngest unmarried child arrives at full age.    But the termination of the widow's occupancy shall not affect the right of the children."    *    *    *

It will be seen that occupancy is a continuing condition precedent to the right, and it is manifest that the law did not intend to vest in the widow an unconditional or vendible life estate in a homestead, like that given her to a dower right, else nothing would have been said as to occupancy.    It may be said that the object of the law was to benefit the widow, and that, if a sale would be more beneficial than occupancy, she should be allowed to sell.    The same reasoning might be applied to the law exempting a homestead from execution sale, and yet this court has repeatedly held that a permanent abandonment by the debtor of the homestead rendered it liable to execution, in other words extinguished the homestead right.    It would, therefore, seem that if the debtor lost his homestead right by failing to occupy it, a widow must of necessity lose her homestead right by a total failure to occupy it.

In Phipps v. Acton, 12 Bush, 375, the question of forfeiture of the homestead of a widow by abandonment was considered and decided.    It appears in the case *supra* that the widow and infant son had resided upon the land, but had rented the premises because she was unable to attend to the cultivation herself.    The court said:  "But we are of opinion that the widow's temporary absence from the premises, after having rented them out and placed her tenant in possession thereof, is not such an abandonment as will forfeit her claim to the

homestead under the statute, for she may be said to be in possession by her tenant, and so long as she is in the occupancy or control of the premises by herself, her agent or tenant, her right to the homestead will continue."

It seems clear from the foregoing opinion that if the widow had abandoned the control of the premises the court would have held that she had lost her homestead right.

It is the duty of the owner of the life estate to take proper care of the property, and, as a rule, the widow would feel a personal interest in so doing, and she could do so while occupying the same by herself or tenants, but when she sells it to a stranger she has no more control of it. Besides, it must be borne in mind that the unmarried infant children of the husband are entitled to a joint occupancy with the widow, but if appellee's contention is correct, the widow may sell her interest in the premises and thus invest a stranger with the right of a joint occupancy with the infant children of the husband. It seems to us that such a disposition of the homestead would often, if not always, defeat or lessen the beneficent advantages designed and intended for the comfort of the infant children of the husband.

It seems clear that the statute regarded it as possible for a widow to abandon or cease to occupy the homestead, and if an unconditional sale and conveyance to a stranger is not an abandonment of the premises, it is hard to imagine how an abandonment could occur. It seems manifest that the sale to Williams was a complete and irrevocable abandonment of the homestead, and that the right to the same was forfeited and surrendered. And, as the widow could not pass any title by the conveyance, it follows that appellee, Williams, ac-

quired no title nor right of possession to the tract of land in controversy.

For the reasons indicated the judgment of the circuit court is reversed and cause remanded, with directions to overrule the demurrer and for proceedings consistent with this opinion.