CASE 65—SUIT BY JAMES A. WALLACE AGAINST J. H. HARDWICK AS GUARDIAN OF FLOYD G. CLAY, AN INFANT, ASKING FOR THE SALE OF A HOUSE AND LOT UNDER SECTION 490 OF THE CIVIL CODE.— OCT. 29.

## Clay's Guardian v Wallace.

APPEAL FROM ESTILL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

HOMESTEAD—RIGHT OF SURVIVING SPOUSE—SALE—ABANDONMENT.

Held:   1. Kentucky Statutes, 1899, section 1707, providing that the homestead shall be for the use of the widow so long as she occupies it, and section 1708, giving a surviving husband the same rights in the homestead of his deceased wife, do not vest a surviving husband with an unconditional vendible life estate in the homestead, but only with an estate dependent on its occupancy by him.
2. Where a surviving husband procures the unconditional sale and conveyance of his deceased wife's homestead in a suit for that purpose against her minor children, this amounts to an abandonment by the husband, and he can not claim a life interest in the proceeds.

C. F. SPENCER, ATTORNEY FOR APPELLANT.

This is a proceeding seeking a sale of a house and lot in Irvine, Ky., under section 490 of the Civil Code, the property being owned by appellee, Wallace, and the infant, Floyd G. Clay. The appellee, Wallace, and the infant's, Floyd Clay's, mother were married in 1901. A short time thereafter the wife furnished $1,000 to build a house on a lot in Irvine, then owned by appellee, in consideration of which sum appellee made a deed to his wife for a thousand-dollar interest in said house and lot. Mrs. Wallace died in May, 1902, leaving her infant son, Floyd G.

Clay, as her only child and heir. At the time of her death the house and lot was occupied by her and her husband and the infant, Floyd, as their home. The infant, Floyd, and appellee are therefore joint owners of said house and lot, the infant having a thousand-dollar interest therein, and appellee owning the remaining interest therein. The court adjudged that the appellee has a homestead right in the interest of his deceased wife in said property and at the same time decreeing a sale of the entire property and permitting appellee to retain the $1,000 of the proceeds of the sale which belongs to the infant by executing bond' for the repayment of same to the infant at the death of appellee.

We submit that this is error.

. Our contention is that a homestead right is simply a right to occupy, and a sale of same is an abandonment of such right. The statute provides that the "termination of the surviving consort's right to the use of the homestead shall in no wise affect the right of the infant children," and the judgment decreeing a sale of the property if the homestead right did exist, is absolutely void and the purchaser at such sale would take the property subject to the infant's right to occupy same until the infant becomes of age.

This property being owned jointly by the husband and wife and occupied by them at her death as their home, and the proof showing that it is worth $1,500, our contention is that the husband could not claim a homestead in the $1,000 interest of his wife, but if he claimed a homestead in the joint property his own interest would be estimated in making up that exemption.

We rest the case upon the ground that the infant can not be deprived of his right to occupy the homestead by the sale procured by appellee; and that a sale of it is void as to the infant; and that appellee has lost his homestead right by procuring a sale thereof; that the interest of the surviving consort can not be sold except by agreement; and the infant can not agree; and if appellee is entitled to a homestead therein his own interest must be considered in making up that exemption; that he, having procured the sale, he is only entitled to curtesy in the proceeds; that the homestead could not be sold except for reinvestment; and it is not shown that a sale and reinvestment would be beneficial to the infant. Ky. Stats., secs. 1707, 1708; Saulsbury v. Sims, 79 Ky., 527; Phipps v. Acton, 12 Bush, 375; Miles v. Hall, 12 Bush, 105; Civil Code, sec. 489, subsecs. 5, 490, 491, 492, subsec. 4.

RIDDELL & RIDDELL, FOR APPELLEE.

The real and only contention is as to what interest appellee

has in the $1,000 put in by his deceased wife. He is entitled to
a homestead, and as the property was sold without objection ap-
pellee is entitled to the use of the money during his life upon
his making the payment to the infant safe so that the money will
be forthcoming at the death of appellee. The infant Floyd G.
Clay, does not reside with appellee, nor does the record show
that he at any time resided with appellee. His father is alive
and divorced from his mother, and is entitled to the custody,
care and control of him, and there is no obligation on appellee
to care and provide for him and hence he has no interest in the
homestead.

The act of 1894, now article 3, chapter 66, Kentucky Statutes,
does not change the homestead right of the husband in the prop-
erty occupied by the husband and wife jointly as a homestead,
and he is not divested of his homestead right by a sale.

Opinion of the court by CHIEF JUSTICE BURNAM—Reversing.

The appellee, James A. Wallace, brought this suit against
the appellant, J. H. Hardwick, as guardian of Floyd G.
Clay, an infant, asking a sale of a house and lot in the town
of Irvine, under section 490 of the Civil Code. He alleges
in his petition that on the 2d day of May, 1901, he mar-
ried the mother of the infant defendant, Floyd G. Clay; that
a short time after their marriage the wife advanced $1,000
to be used in the erection of a dwelling house on a lot owned
by him in Irvine, under an agreement that he should exe-
cute a deed to her for $1,000 worth thereof; that pursuant
to this agreement, on the 19th of September, 1901, he exe-
cuted a deed with covenant of general warranty for $1,000
of the value of the lot; that he and his wife and her infant
son occupied the property as a home until her death on the
8th day of May, 1902; that F. G. Clay is under fourteen
years of age, and then resided in Powell county, with his
grandfather and statutory guardian; that, as the surviving
husband, he was entitled to the use and occupation of that
part of the property which belonged to his deceased wife as
a homestead; that it was insusceptible of division without

materially impairing its value; and asked that it should be sold to the highest and best bidder, and the proceeds divided between himself and the infant defendant in accordance with their respective rights. The defendant Hardwick, as statutory guardian of the infant, filed an answer, in which he denied that plaintiff was entitled to a homestead in that part of the house and lot which belonged, under his deed, to his deceased wife; and said that at the death of the wife plaintiff and her infant son were jointly entitled to the use and occupation of the property during the minority of the infant, and that when it ceased to be so occupied the infant was entitled to $1,000 in the property, and asked that the interest of his infant ward be protected. Proof was taken showing that the property was insusceptible of division, and worth about $1,500. The chancellor adjudged that the property should be sold by the master commissioner upon a day fixed by himself, after advertisement thereof as similar property is required to be advertised when sold under execution, and should take bond for the purchase price, payable to himself as commissioner;; and that out of the proceeds of the sale the defendant Hardwick, as guardian of Floyd G. Clay, was entitled to $1,000, subject to a life estate therein of plaintiff; and that plaintiff could retain the $1,000 by executing in open court a covenant to the infant defendant with good security for the $1,000, without interest, payable at his death. The defendant excepted to so much of this judgment as authorized Wallace to retain the $1,000, and has brought the case up for review.

Section 1707 of the Kentucky Statutes provides: "The homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at full age; but the

termination of the widow's occupancy shall not affect the right of the children. But said land may be sold subject to the right of said widow and children if a sale is necessary to pay the debts of the husband." Section 1708 of the Kentucky Statutes provides that: "The homestead of a woman shall in like manner be for the use of her surviving husband, and her children situated as above; and when his and their interest ceases it shall be disposed of in like manner, and the proceeds applied on the same terms to her debts; if none, divided among her children." Under section 1708, the plaintiff, Wallace, and the infant, Floyd G. Clay, were jointly entitled to the use and occupation of the homestead of the deceased wife until the infant was twenty-one years of age. After that time Wallace was entitled to its use and occupation during his life. But the statute did not vest in him an unconditional, vendible life estate in the homestead of his deceased wife. His homestead right therein depends upon its occupation by him. Whenever he permanently ceases to occupy the homestead of his deceased wife, his right thereto ceases, and the property reverts to the heirs at law of the wife. And an unconditional sale and conveyance of the property amounts to an abandonment. See Freeman, etc., v. Mills, 101 Ky., 142, 19 R., 316, 39 S. W., 826; Bryant v. Bennett, 22 R., 1086, 61 S. W., 1001; Kimberlin v. Manson, Isaacs, etc., 23 R., 42, 62 S. W., 494. But under section 2132 of the Kentucky Statutes he is entitled to have an estate for life in one-third of all the real estate to which his wife, or any one for her use, was seised of an estate in fee simple during coverture, unless such right shall have been barred, forfeited, or relinquished.

The judgment is reversed, and cause remanded for proceedings consistent with this opinion.