CASE 96—ACTION BY U. K. WILLIAMS AGAINST W. T. PHILLIPS, TO RECOVER INTEREST IN A HOUSE AND LOT, IN WHICH D. C. STEELE, GUARDIAN FOR WILLIE WILLIAMS, INTERVENED.—OCTOBER 12.

## Phillips, &c., v. Williams.

118  757
s130  775

APPEAL FROM PIKE CIRCUIT COURT—A. J. KIRK, CIRCUIT JUDGE.

FROM THE JUDGMENT, PHILLIPS AND OTHERS APPEAL.    REVERSED.

GUARDIANS—REMOVAL—PROCEEDINGS—EX PARTE AFFIDAVITS—RECOVERY OF LAND—RECEIVERS—SECURITY.

1. Ky. St. 1903, sec. 2039, authorizing courts of chancery to remove guardians for neglect of breach of trust does not authorize such removal on *ex parte* affidavits without proceedings instituted for that purpose in which the guardian is afforded an opportunity to be heard.

2. Where, in an action to recover certain real estate, an issue was raised as to whether a minor was entitled to the same as a homestead, and the minor's guardian was removed on the ground that his interest was adverse to the minor, and also that he had transferred his property to his wife for the purpose of hindering and delaying his creditors, especially such minor, it was error for the court before the trial of the issue to direct a commissioner and receiver to take charge of and rent the property and apply such rents to the benefit of the minor.

3. Where, in an action to recover certain real estate in possession of defendant, who was also guardian of a minor interested therein, on

it being shown that the interests of such guardian were adverse to the minor, and that he had conveyed his property with intent to defraud his ward, the court should have fixed a day for trial of the issues, and taken a bond from such guardian to pay the rents which he might collect in accordance with any further order of the court, and, if he failed to give such bond, to direct the commissioner or a receiver to take possession and collect such rents, subject to the court's future order.

R. L. GREENE, OF COUNSEL. JAMES M. ROBERSON, ATTORNEY FOR APPELLANTS.

## PROPOSITIONS AND AUTHORITIES.

1. Appellants having purchased the life estate of the widow are entitled to occupy the house and lot free of rent until dower has been assigned.

2. The occupancy of the house and lot by the widow was not such as would, as a matter of law, be an election to take homestead instead of dower therein.

3. The court erred in placing the property in the hands of its receiver before the question of homestead or dower was determined, it not being shown that appellants were insolvent.

4. Real estate can not be placed in a receiver's hands except where the party in possession claiming title is insolvent and committing waste or when the plaintiff is entitled to rents and the party in possession is insolvent, and the property is insufficient to pay the claim. (Collins v. Richart, 14 Bush, 621; Hounshell v. Insurance Co., 81 Ky., 504.) Or where the property is in danger of being injured. (Civil Code, sec. 298.)

5. Even if the court is of opinion the infant is entitled to a homestead as against appellants, they should not be compelled to pay rent on the house and lot. They were occupying it peacefully and lawfully, and are entitled to do so rent free until it is determined judicially that the infant is entitled to a homestead. The question of homestead has not been actually adjudged.

6. A guardian can not be removed except for cause; that is, in a proceeding for that purpose, and then only upon proof properly heard. (10 Bush, 539; 3 Dana, 600; 6 B. M., 146. See also, 2 Met., 430.)

7. The county court and not the circuit court had the power of removing the guardian. (Sections 2015, 2024, Ky. Statutes.)

8 The circuit court can remove a guardian for neglect or breach of trust only. (Ky. Statutes,, sec. 2039.)

A. J. AUXIER, N. J. AUXIER AND JAMES SOWARDS, ATTORNEYS.
FOR APPELLEE.

1. It seems to us that the record in this case conclusively shows that appellant asked for the appeal, and executed a supersedeas bond for the sole purpose of delay, there having been four terms of the court of appeals since the appeal was prayed.

2. We submit that a widow can not claim both a homestead and dower, but if she sell or abandon her homestead she can not afterwards claim dower, but that the infant is entitled to the use. and benefit of the homestead until it arrives at majority, and after that the purchaser of the homestead can hold it during the life time of the widow.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

It appears that one William Williams died a few years. since, leaving surviving him a second wife, Harriet Williams, an infant son by her, the appellee, and four children by a former marriage, all of whom were over the age of, twenty-one years at the time of his death. He was the owner, at his death, of a house and lot in the town of Pikeville,. upon which he was residing at the time. His widow and infant child remained in the possession of this property for a year or two, when she sold her interest to appellant for the price of $150, and left the State, and went to the State of West Virginia.. Appellant took possession of this property, under his purchase, and occupied it until the time when the judgment complained of herein was rendered. U. K.. Williams, a son of the deceased, purchased the interests of his three sisters in this property, and instituted this action against appellant, by which he sought to recover from him $85 as his share of the rent of this property while appellant occupied it. Appellant answered, controverting the claim, and alleged that he was the owner by purchase of the widow's homestead in the property, and that she was still living. He afterwards amended his answer, and withdrew his claim that he had purchased her "homestead," but al-

leged that he had purchased her "life estate," without stat·
ing whether it was her dower or homestead. One D. C.
Steele filed a petition asking to be made a party to
the action claiming that he was the duly appointed
guardian of appellee Willie Williams, who was an infant
under nine years of age, and that by reason of the widow's
election of homestead in this property and the sale to ap-
pellant it amounted to an abandonment thereof, and that his
ward was entitled to the use, rents, and profits of same until
he arrived at the age of twenty-one years; but he did not
state the value of the property. He also alleged in his pe-
tition that the four adult children of the deceased had re-
ceived advancements from their father in money and prop-
erty to the value of $1,000 each, and he caused them to be
made parties to the action. They answered denying that
they had been advanced $1,000 each by their father, but
did not state what they had been advanced. Other plead-
ings were filed, which did not change matters in any mate-
rial way, nor cure the defects in the pleadings previously
filed.

On the 2d of October, 1902, the court made the following
order: "Affidavit of W. H. Flannery filed; also affidavit of
Harriet Williams filed. And upon motion of W. H. Flan-
nery, attorney for said infant's interest, and the court being
sufficiently advised, orders that W. T. Phillips, the present
guardian of said infant Willie Williams, is not a proper
person as guardian of said infant, and therefore removes
him as said guardian, and thereupon appoints James Sowards
as guardian *ad litem* for said infant, Willie Williams, who,
being present, accepts said appointment. To this order said
Phillips objects and excepts." This order is the only evi-
dence in the record that appellant was ever the guardian of
the appellee, and, even if he was the guardian, the court had

no power or jurisdiction in this summary way to remove him. Section 2039 of the Kentucky Statutes of 1903, which authorizes courts of chancery to remove guardians for neglect or breach of trust, does not give authority to the court to make the removal on *ex parte* affidavits, nor without proceedings instituted against the guardian for that purpose. He is entitled to his day in court. He should be advised of the charge against him, and be given an opportunity to defend himself. That part of the order removing him is without any effect, but it does not follow that the remainder of the order is erroneous or void. The pleadings in this case show that the interests of appellant and the infant appellee are in conflict, and it was right and proper in the court to appoint a guardian *ad litem* to look after and aid in the protection of the infant's interest. On the 11th of October, 1902, the guardian *ad litem* filed another pleading in the case in the interest of the appellee, in which he alleged that the appellant had transferred to his wife several thousand dollars' worth of his property, and was carrying on his business in his wife's name. He did not state in specific terms that appellant was insolvent, but he did state that this transfer of property to his wife and the conducting of business in her name was for the fraudulent purpose of cheating, hindering, and delaying his creditors, and especially appellee. Upon this showing the court made an order directing the commissioner and receiver to take charge of this house and lot, rent it, collect the rents, and apply them to the education and maintenance of the appellee, and continued the case. From this order dispossessing him and the application of all the rents for the benefit of appellee the appellant appeals.

We are of the opinion that the court erred. The issues between the parties had not been tried, and it was not known

or ascertained what interest the appellee or the other parties had in this house and lot—whether appellee would be entitled to the whole as a homestead or not. The court should have fixed a day in the term giving the appellant until that day time to make a bond with good security to pay the whole rent or such portion of it as the court might thereafter adjudge, according to the rights of the parties, and, in the event he failed to execute the bond, then to have directed the commissioner or receiver to take possession of the property, and rent it, collect the rents, and hold same subject to the future order of the court.

For these reasons the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.