CASE 93.—ACTION BY V. T. WILLIAMS AND OTHERS AGAINST W. T. PHILLIPS AND OTHERS AND ACTION BY A. L. WILLIAMS AGAINST W 'T. PHILLIPS IN WHICH DEFENDANT ANSWERED MAKING U. K. WILLIAMS A PARTY.—December 4.

## Phillips, &c., v. Williams and Williams v. Phillips, &c,

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

In the last case the defendant answered making U. K. Williams a party. On the trial plaintiff dismissed his action and the court adjudged that defendant showed no cause of action against U. K. Williams from which he appeals—Affirmed.

1 Dower—Election Between Homestead and Dower—Effect.—A widow may elect to take either homestead or dower in the

land of her deceased husband, and where she takes the homestead she has no interest, except the right to occupy it so long as she lives.

2. Homestead—Right of Widow—Abandonment by Sale.—Where a widow elects to take homestead in the lands of her deceased husband, she abandons the same by an attempted sale thereof.

3. Dower—Election by Widow—Change of Election.—Where a widow elects to take homestead, and abandons her right by an attempted sale, she cannot afterwards change her election and take dower.

4. Sale by Widow.—Under Ky. Stats., 1903, section 2138, providing that a widow shall have an estate for life in one-third of the land left by her husband, where the widow elects to take dower, she need not occupy the property, but may sell her dower interest, and her vendee takes her estate.

5. Election Between Homestead and Dower—Effect of Possession. —That a widow remains in the house of her husband for a few years after his death is not conclusive that she has elected to take a homestead, instead of dower.

6. Sale by Widow.—Where a widow, having made no election between homestead and dower, conveyed here "entire interest" in the property of her deceased husband, "being the life estate in the property hereby conveyed," her grantee took a dower interest.

7. Executors and Administrators—Widow's Quarantine—Conveyance.—Ky. Stats., 1903, section 2138, giving a widow one-third of the rents and profits of her husband's dowable real estate from his death until dower is assigned, and the right to the mansion house and yard, without charge therefor, until dower is assigned, is for the personal benefit of the widow, and her rights cannot be conveyed.

8. Homestead—Rights of Infant Heirs—Election by Widow to Take Dower—Effect.—The widow's election to take dower, or to abandon the homestead, cannot defeat the infant's homestead right in the property.

9. Dower—Election by Widow—Rights of Infant.—Where a widow elects to take dower, and it is of greater value than $1,000, she must make provision for the infant; but, if her dower is worth less than $1,000, the infant is given a homestead of $1,000, which must include the dower assigned to the widow, after which the remainder of the property is to be apportioned among the children, including the infant.

10. Dower—Rights and Liabilities of Tenant—Rents of Premises.

—In an action for rent by an heir, it appeared that defendant occupied the premises under a conveyance to him of a dower interest, the owner of the premises having died, leaving one infant and four adult children and a widow; the premises being a homestead of less than $1,000 in value. Held, that defendant should be charged for the rental value of the property, less tne value of the improvements and taxes paid by him, after which the remainder should be divided as follows: One-third to himself, one-half to the infant, and the remaining one-sixth to the five children.

N. J. AUXIER for U. K. and Willie Williams, J. M. ROBERSON for N. J. and W. T. Phillips.

OPINION OF THE COURT BY JUDGE NUNN—Reversing and Affirming.

This is the second appeal of the first-styled case. On the first appeal there were only two questions presented. One was the right of the court, by ex parte proceedings, to remove a guardian. The other involved the right of the court, under the facts proven in that case, to place the property in litigation in the hands of a receiver. Phillips v. Williams, 118 Ky. 757, 82 S. W. 379, 26 Ky. Law Rep. 654. On a return of the case to the lower court the issue was tried as to the ownership of the property. The court decided that appellant Phillips did not obtain any interest in the property by reason of his conveyance from Harriett Williams, the widow of William Williams, who was the owner of the property at his death, and also adjudged that appellant Phillips pay to the infant and other children of the deceased $865 as rent for the time that he had been in possession of the property under his deed from the widow, but credited this sum by repairs that he had made on the property, amounting to $150, and by the taxes he had paid on the prop-

erty during his occupancy. From this judgment, appellant Phillips appeals.

The contention of his counsel is that he did not purchase from the widow her homestead in the land, but by his deed he obtained her dower interest. As stated in the former opinion, William Williams died, leaving surviving him a second wife, Harriett Williams, an infant son by her, appellee, and four children by a former wife, all of whom were over the age of 21 years at the time of his death. He was the owner of a house and lot in the town of Pikeville, in which he resided at his death. His widow and infant child remained in possession of this property for a year or more, at which time she sold her interest to appellant at the price of $150 and went to the state of West Virginia. Appellant took possession of it under his purchase, and occupied and used the whole property, which consisted of less than one-half acre. The buildings thereon consisted of an old and dilapidated house and stable. The court, in its judgment, charged appellant at the rate of $120 per year rent for the time he occupied the property. The testimony on this point was very conflicting. When he first took possession of the property it was not worth more than $6 or $7 per month, according to a preponderance of the evidence; but on account of the construction of a railroad into the town of Pikeville the property increased in value, and at the latter part of his occupancy, as the testimony shows, it was worth $10 or more per month. In our opinion, if appellant was chargeable with rent, the court should have, under the evidence, fixed the amount at $100 per year.

The important question to be considered is: Did appellant take any interest in the property by reason

of his deed from Harriett Williams? By section 2132, Ky. St. 1903, it is provided that after the death of a husband the surviving wife shall have an estate for her life in one-third of all the real estate of which he died possessed in fee simple during coverture. The granting clause of the deed from Harriett Williams to appellant is as follows: "That said party of the first part, for and in consideration of the sum of $150.00, one hundred and fifty dollars, in hand paid, do hereby sell and convey to the party of the second part, his heirs and assigns, the following described property, to writ: All my right and entire interest in the following house and lot, my interest being the life estate in said property hereby conveyed," etc. There is nothing in the caption or habendum clause that conflicts with the granting clause in the slightest. The word homestead is not mentioned in the deed. There was no evidence introduced tending to show that she sold or attempted to sell her homestead right; nor was there any testimony tending to show that Mrs. Williams was ever put upon her election to take homestead rather than a dower. The question, therefore, turns upon the language of the deed.

The lower court seems to have rested its decision upon the case of Deboe v. Rushing,, 51 S. W. 613, 21 Ky. Law Rep. 423. The facts in that case are in some particulars unlike the ones in this case. In that case Mrs. Rushing abandoned the land, left her two infant children residing upon it, and ran off with a man. While the opinion does not show what interest she attempted to sell to Deboe from the language used we must assume that her attempted sale was of the homestead right, and that she had elected to take homestead, rather than a dower, al-

though it had not been assigned to her by any legal proceedings. That portion of the opinion which gave Deboe the right to possess himself, under the purchase from the widow, of the property after the arrival of the children at the age of 21 years and hold it until the death of Mrs. Rushing, has, by subsequent decisions of this court, in effect, been overruled. This court, however, did not establish that rule. The lower court had so decided in favor of Deboe, and there was no cross-appeal, and therefore this court permitted that part of the judgment to stand. Many of the opinions are cited in this case, and all of them, which touch the subject, hold that when a widow elects to take a homestead in lieu of dower, and abandons the homestead by a sale or otherwise, this ends her right to a homestead in the land; that she cannot change her mind and repossess herself of the homestead, or take dower therein instead of homestead, and the one to whom she attempted to convey gets nothing. No other construction can be placed upon that opinion and make it conform to the statutes upon the subject and other opinions by this court.

The case of Byrant v. Bennett, 61 S. W. 1004, 22 Ky. Law Rep. 1866, was where Ellen Fletcher, a widow, was left in possession of a house and lot worth less than $1,000. She sold it to Harvey Bennett, left it, and moved to Christian county, Ky. The granting clause of the deed was as follows: "I do hereby sell and convey my dower and life interest in the property as surviving widow," etc. The lower court in that case decided that Harvey Bennett took the homestead of Ellen Fletcher and was entitled to it so long as she lived. This court, in reversing the judgment, used the following language: "Section

1707 of the Kentucky Statutes of 1903 provides that the homestead shall be for the use of the widow as long as she shall occupy same. And it was held in Freeman v. Mills, 101 Ky. 145, 39 S. W. 827, 19 Ky. Law Rep. 316, 'that occupancy was a continuing condition precedent to the widow's right of homestead, and that a sale of her interest was a complete and irrevocable abandonment thereof, and that the purchaser acquired no title under his purchase.' We are therefore of the opinion that, under the law as expounded in that case, Mrs. Fletcher did not pass any title to the homestead by her conveyance to appellee, and he only acquired by virtue of his purchase her dower interest as surviving widow, and, in fact, the conveyance from Mrs. Fletcher to him only purports to convey her dower interest therein."

In the case of Freeman v. Mills, referred to in the above quotation, was where Mrs. Freeman instituted a proceeding in court to have assigned to her a homestead in the lands of her deceased husband. She was allotted 136 acres of the land, which included the residence and outbuildings. After this she attempted to sell this homestead to one Mills, and the children of Freeman instituted an action to recover the land because of the sale and abandonment of it by the widow. This court sustained the action of the children. However, during the pendency of that action Mills reconveyed to the widow, and she then sought to have her dower interest in the land allotted to her. This court decided the case against her upon the ground that it was her privilege to elect to take either homestead or dower, and by her action in court she elected to take homestead, which the court assigned her, and she could not afterwards surrender and

elect to take the dower interest in lieu thereof.  In that case the court said: 'A homestead right of the widow, under these sections, is a mere right of occupancy, which may be lost by an abandonment or alienation, whilst the dower is a vested interest, which may be sold, rented, or used at the option of the life tenant.'' So it appears that, if Mrs. Freeman had elected to take dower in the first place, her sale to Mills would have been valid.  To the same effect is the case of Kimberlin v. Manson, Isaacs, etc.. 62 S. W. 494, 23 Ky. Law Rep. 42.

In the case of Freeman v. Mills, 59 S. W. 3, 22 Ky. Law Rep. 859, this court said: ''And, having once voluntarily elected to take the greater estate, the judgment rendered pursuant thereto is conclusive as to all her rights as widow in the real estate owned by her deceased husband.  That she has since forfeited the homestead is no reason that she should be allowed subsequently to assert the right to the smaller estate, which she refused to accept when the election to do so was open to her.  It was determined on the former appeal that the sale by appellee to Williams was a complete and irrevocable abandonment of the homestead, is the law of the case, and, having once forfeited her right to the homestead under the statute, she cannot subsequently, by repossessing herself thereof, reinstate her lost right under the averments of the answer.  At the time of her abandonment the rights of appellants as heirs at law, to the possession of the forfeited homestead, accrued, and cannot thereafter be defeated by any act of appellee.''  See, also, the case of Clay's Guardian v. Wallace, 116 Ky. 599, 76 S. W. 388, 15 Ky. Law Rep. 820.

In the case of Jones v. Green, 83 S. W. 582, 26 Ky. Law Rep. 1191, Mrs. Green elected to take a home-

stead in the land of her deceased husband and under-took to sell it to one Jones. The children of deceased instituted an action to recover it. Jones answered, claiming that by his deed from Mrs. Green he was entitled to her dower in the land. In that case the court said: "It follows, therefore, that Jones' claim that his deed from the widow, even if it destroyed her right to homestead, conveyed to him her right of dower in the property, cannot be sustained, as she, by her election to take homestead, lost her dower."

From these authorities it appears that the widow has the right to elect to take either homestead or dower in the land of her deceased husband. If she elects to take homestead, she takes no interest except the right to occupy it so long as she lives. To sell it means to irrevocably abandon it, and she has no right to afterwards change her election and take dower. Under the statutes and the authorities referred to, if she elects to take dower, her interest therein does not depend upon occupancy by her, and she has the right to sell her dower interest without danger of any forfeiture, and her vendee takes the estate she conveys.

It is contended by appellee's counsel that, as Mrs. Williams remained in the house for a few years after her husband's death, this fact must be regarded as an election on her part to take homestead. It may be some evidence tending to show that she had elected to take a homestead; but we can not agree that it is conclusive by any means. To so hold would leave the widow in an embarrassing position; for if she left the homestead it would be regarded as an abandonment of it, and if she remained it would be considered as an election to take homestead, which would often defeat her intention to claim dower in the property,

which is often many times the value of homestead
interest. The deed in the case before us does not
show that Mrs. Williams attempted to convey her
homestead interest in the house and lot; but, upon the
contrary, she conveyed to appellant Phillips her "en-
tire interest, being her life estate in the property."
It must be presumed that she intended to sell some-
thing that she had a right to convey, and the only
thing that she had a right to sell was her dower
interest in the property, and by her deed she con-
veyed to appellee Phillips this interest. If she had
elected to take homestead, she would have had no
interest which she could sell; a homestead being only
a privilege given by the statutes to a widow allowing
her to occupy a certain amount of her deceased hus-
band's property.

For these reasons, we are of the opinion that the
lower court erred in refusing to give appellant Phil-
lips the dower interest in the property described
which was purchased by him from the widow.

Appellant Phillips also claims that the lower court
erred in charging him $120 per year as rent for the
property for the time he occupied it after his pur-
chase from the widow, and contends that under sec-
tion 2138, Ky. Stats., 1903, he is not chargeable with
rent, as the dower, which he purchased from the
widow, had never been assigned him. The section of
the statute referred to is as follows: "The wife shall
be entitled to one-third of the rents and profits of
her husband's dowerable real estate from his death
until dower is assigned, and she shall hold the man-
sion house, yard, garden, the stable and lot in which
it stands, and an orchard, if there is one adjoining any
of the premises aforesaid, without charge therefor,
until dower is assigned her." We do not understand

that appellant, by his conveyance from the widow, took any benefit that was given her by the statute just quoted. As we construe the statute, it was enacted for the personal benefit of the widow, when she was grieved and in a helpless condition on the account of the loss of her husband. She had the right to the benefits of the property rent free, but she had no right to convey this privilege. Appellant by his deed received only her interest in the property as defined by section 2132, Ky. Stats., 1903, which was a one-third interest in the property during the life of the widow. As before stated, we are of the opinion that the lower court charged him too much per year as rent, and that he should only have been charged $100 per year for the time he occupied it after his purchase from the widow, and that is subject to be credited by the value of the lasting improvements placed on the property by him and the taxes he paid thereon.

At the time the widow elected to take dower in the property the house and lot, according to the proof, was not worth more than $1,200, one third of which, $400, represented the value of this life estate. Under the repeated decisions of this court, the widow's election to take dower, or even to abandon the homestead, could not have the effect to defeat the infant of his homestead right in the property. It has often been decided by this court that there can not be two homesteads, or a dower and a homestead, taken out of the same property. Therefore, if the widow elects dower, and if it is of greater value than $1,000, she must make provisions for the infant or infants. See Warren's Admr. v. Warren, 104 S. W. 1199, 32 Ky. Law Rep. 82. But if her dower interest is worth less than $1,000, as in the case at bar, under the statutes as we construe them, the infant is given a homestead of

$1,000 (as an infant can not elect for himself, the law elects for him), but it must include the dower assigned to the widow; and if any of the property be left, then the excess should be apportioned among all the children, including the infant. The court should first charge appellant rent at the rate of $100 a year for the time he occupied the property under his purchase, credit it with the value of the improvements and taxes paid by him, and divide the remainder as follows: One-third to himself, one-half to the infant, one-sixth to U. K. Williams for himself and as vendee of the adult children, less one-fifth of one-sixth, which should be paid to the infant in addition to its one-half as before stated. It appears, however, that appellant Phillips paid some of the rent during the pendency of the suit, and he should be given credit by what he has paid.

The subject of litigation in the second-styled action is, in substance, as follows: When appellant, W. T. Phillips, purchased from the widow her dower at the price of $150, he executed to her a separate writing by which it was agreed that the widow should take steps to have the court sell the infant's interest in the property, and appellant was to purchase the adult children's interest at the lowest price possible, and if it could all be procured at a price not eceeding $850 he bound himself to pay to the widow $150 more. The widow transferred this writing to U. K. Williams, the eldest child of the deceased. He transferred it to his son, A. L. Williams, who instituted an action against appellant, Phillips, to recover the $150. Phillips answered, alleging that he had never been able to purchase any of the interests of the children, and made U. K. Williams a party, and alleged that he verbally agreed to sell him the interests that he owned at $30

per share, and asked that he be compelled to convey, and, in case U. K. Williams failed to do so, asked damages. Upon the trial A. L. Williams dismissed his action, and the court adjudged that appellant, Phillips, presented no cause of action against U. K. Williams. In our opinion the lower court committed no error in the disposition of this case.

For these reasons the judgment in the first-styled case is reversed, and remanded for further proceedings consistent herewith; and the judgment in the second-styled case is affirmed.