## Campbell, et al. v. Whisman, et al.

(Decided February 14, 1919.)

### Appeal from Powell Circuit Court.

1. Homestead—Election by Widow.—In the absence of any assignment of dower or homestead, the law will presume that the widow elected to take that estate which was most beneficial to her and her children, and when the homestead fills that description, a number of years' occupancy by the widow without any such assignment will be conclusively presumed to be an election by her to take homestead rather than dower.

2. Homestead—Sale of Right by Widow—Effect.—Since the right of homestead of a widow in the land of her husband is not an estate, but only a right of occupancy, an attempted sale by her of such right conveys nothing and has the effect of forfeiting such right in favor of the owners of the land who have an immediate right of occupancy, and the attempted vendee becomes a hostile holder of the title as against them.

3. Limitation of Actions—Adverse Possession.—In such a case fifteen years' adverse holding will bar the right of the holder of the fee unless he was laboring under disability at the expiration of the fifteen years, which, if true, he has three years thereafter in which to file suit (Sec. 2506 Ky. Statutes), and not fifteen years from the time of the removal of such disability (Sec. 2525 Ky. Statutes).

A. F. BYRD, JOHN D. ATKINSON and A. D. STEWART for appellants.

C. F. SPENCER and B. D. BERRY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On January 26, 1883, John L. Whisman purchased by title bond only from William F. Baker about 43 acres of land in Powell county, Kentucky. He immediately moved upon the land and continued to live upon it with his wife and children (three of the latter being appellees) until 1887, when he died intestate. Shortly thereafter, and while continuing to reside upon the tract, the widow married one Townsend, by whom she had three children, the appellees, Oscar Townsend, Nellie Townsend and Stella Townsend Raines. One of the four surviving Whisman children, Mary Whisman, died in 1913 without descendants and her interest in the tract was inherited by her mother, Mrs. Townsend, who survived her, and upon her death, in 1916, that one-fourth interest was inherited by the three Whisman children and the three Townsend children jointly. Mrs. Townsend, with her second husband and all of her children, occupied the land after the death of John L. Whisman until March 27, 1897, when she and her husband attempted to sell it to Thomas Keen by each of them signing this statement written upon the title bond executed by Baker to her first husband: "I this day and date do bargain and sell and convey my land above to Thomas Keen and sign over my bond to the same, this March 27, 1897." Previous to that attempted sale Mrs. Townsend both before and after her second marriage exercised acts of ownership over the entire tract, which is conceded to have been worth then not exceeding $250.00. Thomas Keen immediately took possession and lived upon the land until November 26, 1898, when he attempted to sell it to Less Starnes, himself and wife making a like endorsement upon the bond, and Starnes in the same way transferred the bond and sold the land to J. R. Campbell on February 10, 1899. Campbell took possession of the land and held it, claiming to own it, until January, 1915, when he died intestate leaving surviving him his widow and infant children, who are the appellants here and who were defendants below.

On January 30, 1917, this ejectment suit was brought by plaintiffs against defendants to recover possession of the land and damages for its detention, it being alleged that the children of John L. Whisman inherited the land from their father, and that the Townsend children inherited their interest in the manner before stated. The defendants denied the title of plaintiffs and alleged title in

themselves; they also relied upon the statute of limitations as a bar to plaintiffs' cause of action. Upon final submission, the cause having been transferred to equity by agreement and submitted to the court without the intervention of a jury, there was a judgment in favor of plaintiffs, and to reverse it defendants prosecute this appeal.

By a stipulation which is copied into the record and made a part of it it is agreed that each transferee paid full value for the land at the time of the respective transfers, and that they each took possession of it, holding and claiming it as their own until they parted with title, except Campbell, who, as we have seen, died in possession. At the death of John L. Whisman his youngest child was between eighteen months and two years of age, being nine years old when his mother attempted to sell the land to Thomas Keen. Whether she sold Keen any interest in the land is dependent upon the further fact as to the character of interest she held in it when she attempted to make the sale. There was never any assignment or attempted assignment of dower or homestead to Mrs. Whisman. At the time of her husband's death in 1897 she was entitled to either dower or homestead in the land, and under repeated decisions from this court she had a reasonable time after her husband's death to apply for and have assigned to her dower if she chose that estate in preference to homestead. She can not have both. White v. Holder, 118 S. W. (Ky.) 995; Middletown v. Fields, 142 Ky. 354; Phillips v. Williams, 130 Ky. 773, and Carver v. Elmore, 147 Ky. 521. These cases further hold, particularly the last one, that in the absence of an election by the widow between homestead and dower the court will elect for her that estate or right which would be the most beneficial to her and her children, and that after the lapse of a reasonable time it will be presumed that she elected to and did take the estate or right which was the most beneficial.

It is seldom that two cases are found as nearly parallel in their facts as are the facts of this case and those of the Carver case, *supra*. There the husband, Elmore, died in 1877, and his widow, without any assignment of dower or homestead, occupied the land until 1893, when she conveyed it by deed of general warranty to Carver, who occupied it until 1910, when the Elmore children filed suit against him to recover the land, together with damages by way of rents, waste, &c. The defendant in-

terposed the plea of limitations, but this plea was denied solely because it was conclusively shown by the testimony in the case that the defendant never claimed the land adversely to the Elmore children, but only claimed to have purchased the life interest of their mother and the right to use and occupy it during her life. Hence, in the opinion this court said: "The evidence to the effect that appellant (Carver) was only claiming the right to the use of his property during the life of the widow is clear and convincing." That the occupancy of the vendee, Carver, in that case would have been adverse but for the fact stated is shown by this excerpt from the opinion:

"It is conceded that the property in question was that of John S. Elmore, and as his wife failed for so great a number of years to ask to have dower assigned to her in this property, it is presumed, and conclusively so, that she elected to take a homestead interest therein; and, having but a homestead interest, by her sale and conveyance to appellant she forfeited or lost this right (Freeman v. Mills, 19 Rep. 316), and the heirs-at-law of her husband, as soon as the homestead right in the widow was lost to her, were entitled to the possession thereof, for she, having a right to the use of this property only so long as she chose to exercise it, and her sale of it being an abandonment of this right, her purchaser, the appellant, acquired nothing by reason of his purchase. Freeman v. Mills, 22 Rep. 859. Hence, any rights that appellant has in the property accrued to him by virtue of the adverse holding set up and relied upon in the pleadings."

From this it will be seen that after a considerable number of years it will be conclusively presumed that the widow elected to take her homestead right in the land rather than dower, especially when the former would be more beneficial to her and her children; and further, that the purchaser of the homestead right of a widow while he takes nothing under his purchase, becomes an adverse holder from the time he took possession thereunder. Other cases from this court holding the same rule are Jones v. Green, 26 Ky. Law Rep. 1191; Freeman v. Mills, 19 Ky. Law Rep. 316; Same v. Same, 22 Ky. Law Rep. 859, and White v. Holder, *supra.* It follows, therefore, that the occupancy of the land in this case became hostile to the owners in fee from March 27, 1897, at the time the widow attempted to sell her homestead right, which we have presumed she elected to take upon the

death of her first husband; and further, that such hostile holding continued without interruption until the filing of this suit, and on March 27, 1912, it had continued for fifteen years.

Section 2506 of the Kentucky Statutes reads: "If, at the time the right of any person to bring an action for the recovery of real property first accrued, such person was an infant, married woman, or of unsound mind, then such person, or the person claiming through him, may, though the period of fifteen years has expired, bring the action within three years after the time such disability is removed.".

Under this section it has been frequently held that one is not allowed fifteen full years after arriving at twenty-one years of age within which to bring suit to recover real property adversely held while he was an infant, but only three years after he becomes twenty-one. Bankston v. Crabtree Coal Mining Co., 95 Ky. 455; Sharp v. Stephens' Com., 21 Ky. Law Rep. 687, and Dukes, et al. v. Davis, et al., 125 Ky. 313. And this is true although the period of limitations and the extended time after the removal of the disability are partly or wholly concurrent. To more clearly state our meaning: If the limitation period is completed while the disability exists, suit may be brought within three years after the disability is removed. But if the disability is removed before the completion of the limitation period, then the extension provided by section 2506 becomes concurrent with the running of the statute. The statute does not give in all cases three years in which the one under disability may sue after the limitation is complete, but only three years after the disability is removed.

In the Dukes case, *supra,* this court, in construing section 2506 of the Statutes so as to confine the right of action to only three years after the removal of the disability said: "The purpose of section 2506 is not to extend the statute of limitation three years in any cases save those in which the disability is not removed more than three years before the expiration of the fifteen years; it being the purpose of section 2506 to give such persons as are under disability at the time the cause of action accrues three full years after the removal of the disability within which to bring their suit. And it is not the purpose of the statute to extend the period fixed save in those cases where it is necessary in order that the claimant may have the benefit of three full years within

which to sue. Plaintiff having failed to institute her suit within fifteen years from the time her cause of action accrued, and within three years after the removal of her disability, the trial court should have held the plea of the statute of limitation interposed by the defendants well taken, and a bar to plaintiff's right to recover.''

Applying that construction of the statute to the facts of this case we find that defendants and those through whom they claim had held the land adversely to plaintiffs for fifteen years on March 27, 1912. At that time the youngest plaintiff had been twenty-one years of age for nearly six years, and under the doctrine of the Dukes case and others plaintiffs should have filed their suit before the expiration of the fifteen years on the date above mentioned. Even if it should be contended that the suit might have been maintained at any time three years after that date (which we do not hold), then the time expired in 1915.

There is nothing in the case of McDowell v. Hollowell, 173 Ky. 543, in conflict with anything we have said. On the contrary, in that case it is held that the vendee of the widow became an adverse holder to the heirs of the husband on the execution of her deed. There seems to be no escape from the conclusion that plaintiffs have slept upon their rights and that the plea of limitations should prevail.

Wherefore the judgment is reversed, with directions to dismiss the petition and for proceedings in accordance herewith.