## Anderson, et al. v. Sanders.

(Decided January 10, 1922.)

## Appeal from Pike Circuit Court.

1. Dower—Homestead—Election—Presumption.—Where no election by the widow between homestead and dower was shown, it will be conclusively presumed, after the lapse of a reasonable time, that she elected to take homestead, where that estate was the more beneficial.

2. Adverse Possession—Homestead—One Who Purchases Homestead From a Widow Becomes an Adverse Holder From the Time he Took Possession.—Where a widow abandons her homestead, the owner of the fee is entitled to immediate possession and the purchaser from the widow, while taking nothing under his purchase, becomes an adverse holder from the time he took possession.

3. Adverse Possession—Title Acquired by Fifteen Years' Adverse Holding.—One who holds land adversely for fifteen years acquires title by adverse possession.

F. W. STOWERS for appellants.

J. E. CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

James Anderson owned a 50 acre tract of land in Pike county. On his death in 1891, intestate and without issue, the title passed to his mother, Sallie Anderson, subject to the homestead or dower rights of his widow, Betty Kelley, who subsequently married Billy Kelley, and after occupying the land for several years, moved with him to the state of Virginia. In the year 1897, Betty Kelley and husband conveyed four acres of the land to Alex Moore, who immediately moved upon the land, erected improvements thereon and continued to occupy it until the year 1915, when he sold and conveyed to George W. Moore, who has occupied the premises ever since. About the same time Betty Kelley and husband conveyed about forty acres of the land to Sam Mullins, who also erected certain improvements and has continued to occupy the land since the date of his purchase.

Sallie Anderson, the mother of James Anderson, died in the year 1907, leaving eight children.

Alleging that she had purchased the interests of five of the children of Sallie Anderson, Hulda Sanders, one of the children, brought suit against Betty Kelley and the other two children of Sallie Anderson for a partition of

the land. Betty Kelley answered and asserted homestead. George W. Moore and Sam Mullins intervened and asserted title by adverse possession. During the progress of the suit Hulda Sanders purchased the interests of the other two children. On final hearing the chancellor adjudged that Hulda Sanders was the owner of the entire tract of land, subject to the dower or homestead interest of Betty Kelley, whichever she might elect to take, and that, upon the death of Betty Kelley, a writ of possession in favor of plaintiff should issue against George W. Moore and Sam Mullins. Moore and Mullins appeal.

The argument in support of the judgment is as follows: The conveyance of a homestead works an abandonment, and in order to give effect to the deeds which Betty Kelley executed to Alex Moore and Sam Mullins, she will be held to have elected to take dower, and that being true, and Betty Kelley still being alive, the possession of the purchasers was never adverse to the remaindermen. It is true that we held in Phillips v. Williams, 130 Ky. 773, 113 S. W. 908, that a conveyance by the widow to a stranger would be regarded as an election to take dower as against the purchaser, but that case was expressly overruled in Consolidation Coal Co. v. Grayson, 186 Ky. 314, 216 S. W. 848, where we held that a widow's dower before assignment could only be assigned, conveyed or released by way of extinguishment to the owner of the fee, or to a party in possession, or in privity of the estate from which it accrues, and not to a stranger. It follows that the deeds from Mrs. Kelley to Moore and Mullins were no more effectual to convey her dower than they were to convey her homestead, and that being true, there is no basis for the ruling that she must be held to have elected to take dower in order to give effect to the deeds. In the recent case of Campbell v. Whisman, 183 Ky. 256, 209 S. W. 27, we held that where no election by the widow between homestead and dower was shown, it will be conclusively presumed, after the lapse of a reasonable time, that she elected to take homestead where that estate was the more beneficial. Here the widow resided on the land for a number of years without having dower assigned. The land was worth less than $1,000.00. Therefore, the homestead, which carried with it the right to occupy the entire tract, was more beneficial than her dower right, which was only a life estate in one-third

of the land. That being true, it will be presumed that the widow elected to take homestead. Where a widow abandoned her homestead, the owner of the fee is entitled to immediate possession, and that being true, the purchaser from the widow, while taking nothing under his purchase, becomes an adverse holder from the time he took possession. Campbell v. Whisman, *supra*; Boggess v. Johnson, 158 Ky. 418, 165 S. W. 413; Freeman v. Mills, 101 Ky. 142. As the adverse holding of the Moores and Mullins continued for more than fifteen years before suit was brought, it follows that they had acquired title by adverse possession, and such should have been the judgment of the chancellor.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.