## BURCHETT v. JAMES et al.

Court of Appeals of Kentucky.
Feb. 15, 1952.

462

Francis M. Burke, Kenneth A. Howe and F. D. Burke, Pikeville, for appellant.

E. J. Picklesimer, Pikeville, B. M. James, Prestonsburg, for appellees.

MOREMEN, Justice.

Appellant, Dixie Clark Burchett, sought, in the Pike Circuit Court, to be adjudged owner of one-half undivided interest in certain land. After issue was joined and the cause was heard by the chancellor, the petition was dismissed. From that judgment this appeal is prosecuted.

Calvin Clark died, intestate, in the year 1900. He was survived by his widow, Mary Ann Clark, and three children: The appellant, Dixie Clark Burchett; Stonewall Clark; and Hiram G. Clark, who died unmarried and without issue at the age of eighteen years.

Calvin Clark died possessed of tracts of land in Pike and Floyd Counties. On March 21, 1904, his land in Pike County was sold in order to pay debts of decedent. A homestead in this land was laid off to the widow and children. On May 16, 1905, the master commissioner conveyed this land to Spears and Nunnery by a deed which recited: "This deed does not convey the homestead of the widow and children of said Calvin Clark."

On May 22, 1911, appellant and her brother Stonewall Clark, having become of age, made a division of land which had not been sold by the commissioner. (At this time the widow was alive, and the record is not certain as to whether Hiram was dead or alive.) It was agreed that appellant should have the 300 acre tract situate in Floyd County; two-thirds of the tract known as the John King survey; two-thirds of a sixty acre tract, and two-thirds of all other "back land" owned by Calvin Clark at the time of his death. Stonewall Clark received the tract which had been laid off as a homestead; the remaining one-third interest in the other tracts, above mentioned, and an interest in a lot. This agreement was recorded on May 9, 1916.

Appellant and her husband lived on the land in Floyd County for about 30 years. At a time not specified in the evidence, a mortgage covering this land was executed, and later the property was sold to satisfy the lien. Appellant was dispossessed.

Stonewall Clark and his mother, on July 11, 1914, sold the homestead to Thomas James, and the appellees in this suit are persons who are claiming through him.

The widow, Mary Ann Clark, died March 27, 1948. This suit was filed February 10, 1949.

Appellant contends that she and her two brothers took title to the land, at the death of her father, subject to the interest of her mother and to payment of the debts of the estate, and argues that although the land which was set aside was called homestead, the widow, in fact, took dower.

Cases are cited which indicate that homestead is not an estate in land but a mere privilege granted a housekeeper to occupy it against his creditors. After having reached the conclusion that the widow had a dower interest, appellant insists that appellees' plea of ownership by adverse possession is unavailable because a remainderman has no right of entry until the termination of the life estate. Salyer's Guardian, v. Keeton, 214 Ky. 643, 283 S.W. 1015; Fox v. Faulkner, 222 Ky. 584, 1 S.W.2d 1079; Woods v. Cook, 248 Ky. 216, 58 S. W.2d 404; and Adkins v. Hackworth, 279 Ky. 352, 130 S.W.2d 774. However, we believe that the widow elected, as indicated by her positive acts, to take homestead. It is true that in a number of cases where there had been no election by the widow, the court presumed that she took the more beneficial interest, and in Anderson v. Sanders, 193 Ky. 364, 236 S.W. 561, said: "In the recent case of Campbell v. Whisman, 183 Ky. 256, 209 S.W. 27, we held that, where no election by the widow between homestead and dower was shown it will be conclusively presumed, after the lapse of a reasonable time, that she elected to take homestead where that estate was the more beneficial. Here the widow resided on the land for a number of years without having dower assigned. The land was worth less than $1,000. Therefore the homestead, which carried with it the right to occupy the entire tract, was more beneficial than her dower right, which was only a life estate in one-third of the land. That being true, it will be presumed that the widow elected to take homestead."

The record in this case does not disclose, clearly, the value of any portion of the land. It is shown that the homestead land was sold for $3,000, but it is not certain as to the value of the entire estate over and above the debts of decedent. If we accept appellant's theory, practically all of the estate, including the 300 acres of ground in Floyd County, was consumed by ancestral debts. However, there is ample evidence that the widow made a positive election. After her husband died in 1900, she remained on this particular piece of ground. In 1905, when the commissioner's

deed designated this tract as homestead, she was still in physical possession; and conditions had not changed in 1914 when she joined in its conveyance. These acts and the elapse of about 14 years are sufficient to demonstrate that she had made a choice.

We are of opinion that the purchaser and those who claim through him under the deed executed by the widow and Stonewall Clark in 1940, have established title to the land by adverse possession. In Tobien v. Gentry, 183 Ky. 80, 208 S.W. 325, 326, it was said: "The widow was entitled to occupy the homestead so long as she lived, but when she undertook to convey it she abandoned it, and the remainderman was entitled to immediate possession."

Appellant testified that she knew of the 1914 conveyance. If she had any right in the property, she should have asserted it then or within the period of limitation. We held in Anderson v. Sanders, 193 Ky. 364, 236 S.W. 561, 562: "Where a widow abandons her homestead, the owner of the fee is entitled to immediate possession, and, that being true, the purchaser from the widow, while taking nothing under his purchase becomes an adverse holder from the time he took possession. Campbell v. Whisman, supra; Boggess v. Johnston, 158 Ky. 418, 165 S.W. 413; Freeman v. Mills, 101 Ky. 142, 39 S.W. 826, 19 Ky. Law Rep. 316."

If, under any theory, appellant had an interest in this land, she has been guilty of laches and is estopped from claiming title to that which, 38 years before, she agreed in a written instrument to apportion to her brother in the division of the estate. That agreement reads in part:

"1st. It is agreed that Dixie Lee shall have all the interest in the tract of land that has been heretofore divided by a judgment of the Floyd Circuit Court that was laid off to said Stonewall and to Hiram G. Clark, who has since the division departed this life. In other words, Dixie Lee Burchett is to have the whole of said tract of land, which lies in Floyd County, and is described in the judgment for division hereinbefore mentioned.

"2nd. Said Stonewall is to have the entire tract of land in Pike County, on the River Branch which was laid off as a homestead for the widow and infant children of Calvin Clark deceased."

After it was executed, she moved on the portion of ground allotted to her and lived there for over 30 years before instituting the claim to that portion which belonged to Stonewall Clark. She testified that she knew of the sale to Thomas James and knew that a short time later Stonewall purchased a part of the land he had sold. She knew that the property was being improved by various people who had acquired interest in the land, and made no move for many years to dispossess the appellees who are the vendees and heirs of Thomas James. If any right of action ever accrued to appellant, it was in 1914, 35 years previous to this action, and it is now barred by KRS 413.030, subsection (2) which states: "The period within which an action for the recovery of real property may be brought shall not, in any case, be extended beyond thirty years from the time when the right to bring the action first accrued to the plaintiff or the person through whom he claims."

Therefore, the judgment is affirmed.