CASE 62—PETITION EQUITY—MAY 19.

# Miller v. Cavanaugh.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. INTEREST—WHEN TO BE COMPUTED FROM WHEN TIME NOT SPECIFIED.—A note payable in two years after date "with interest at the rate of six per cent. per annum, from —————— until paid," bears interest from date, and not merely from date of maturity.

2. PLEADING—MOTION TO APPOINT RECEIVER—PRACTICE—WAIVER.— Where a plaintiff, without notice, enters a motion to appoint a receiver to take charge of the property in suit, and files an amended petition, and the defendant answers the amended petition, and resists the motion to appoint a receiver, any irregularity in filing the amended pleading or entering the motion was waived by the defendant.

L. J. MOORE FOR APPELLANT.

1. Where a petition states that the plaintiff executed and delivered a note to himself, the pleading is faulty and a demurrer to same should be sustained. When a note is blank as to when it shall bear interest, then interest can not be counted until maturity of the note.

2. The lower court erred in placing the motion on the Motion Docket,

and the action on the Trial Docket, both to be tried on the same day. The motion was contrary to the provisions of Kentucky Statutes, sec. 13. No action has a right to be on more than one docket at any one time.

3. The lower court erred in overruling demurrer to a motion filed prematurely without any notice to defendant, and at a time when no pleading or affidavit had been filed to support it.

4. A statement in the amended petition that the defendant was insolvent is a conclusion of law and is not good pleading.

5. The appellant suffered hardship at the hands of the lower court in being compelled to file affidavits first to support his grounds of defense, thus allowing the plaintiff, without presenting any cause of action, to see said affidavits and then present his ground in support of his motion.

6. Sections 298, 299 of the Civil Code do not in any way apply to this case, for it has been decided that courts of equity are always reluctant to interfere with the possession of real estate by the appointment of a receiver, and they never do so unless the remedy at law is incomplete. (Collins v. Richard, 14 Bush, p. 621.)

BRONSTON & ALLEN for appellees.

1. The affidavits can not be considered because no bill of exceptions was ever prepared or made a part of the record.

2. The lower court did not err in appointing a receiver where the vendee was insolvent and failed to keep the property in repair and insured, and when the property was depreciating in value, even though part of the purchase price was not due.

JUDGE PAYNTER delivered the opinion of the court.

This action is on a note executed by Miller to Cavanaugh for $500, payable two years after date, "with interest at the rate of 6 per cent. per annum from —— until paid."

The judgment gave interest from the date of the note. It is insisted that it was error for the court to give interest from the date of the note upon the principle that when an obligation is silent as to when interest is to run the law implies that it bears interest only from the time it falls due.

Miller v. Cavanaugh.

We concede that to be the correct rule when a case arises for its application. This, however, is not that kind of a case. The blank date does not bring the case within the rule. The obligation is not silent as to interest, but provides that it is to draw interest at the rate of 6 per cent. per annum until paid. It was to be paid at the end of two years and "with interest."

It provides for an annual interest. It can not be said that the note only draws interest after maturity. It was to be paid at a given date, and it is unreasonable to suppose that a note for the payment of money on a particular day, with interest at a certain rate per annum until paid, could be construed to mean that the interest should commence on the day of payment and not before, for the law would give interest from that date.

The language specifying interest shows that it was the intention of the parties that the note should draw interest from date. We conclude that the parties were contracting for interest on the note for a period of time when the note would not draw interest except for such contract, and not for a time subsequent to the date when the note was to be paid. It was useless to make a contract for interest after the default of payment, when the law would allow interest on the note from such time.

We think Winn v. Young, 1 J. J. M., 52, supports our conclusion. Besides, the petition alleges that defendant agreed and promised to pay the note, with interest from its date until paid. The answer fails to controvert this allegation. The allegations of the petition, we think, are sufficient to authorize a recovery on the note.

The plaintiff held the note in suit and four others for the balance of the purchase money which the defendant had

agreed to pay him for a house and lot in Lexington, Ky. The plaintiff without notice entered a motion to place the property in the hands of a receiver, and also offered and the court permitted an amended petition to be filed. Defendant filed an answer to the amended petition and resisted the motion to place the property in the hands of a receiver. On the hearing of the motion the defendant filed such affidavits as he desired.

If there was any irregularity in entering the motion and filing the amended petition the defendant waived his right to complain by entering his appearance to the motion and filing an answer to the amended petition.

Without reviewing the facts, suffice it to say that we are not inclined to disturb the judgment of the court placing the property in the hands of a receiver.

The judgment is affirmed.