## Overby, et al. v. Williams.

(Decided May 11, 1916.)

### Appeal from Webster Circuit Court.

1. Homestead — Statutory Right of Widow — Abandonment. — The statutory right given to a widow under section 1707 of the Ken-

tucky Statutes is not an estate in the realty, but in only a right of occupancy, which is forfeited by abandonment, and a sale of it constitutes an abandonment.

2. Homestead—Statutory Right of Widow—Abandonment.—If, however, the widow should be induced to abandon the occupancy of the homestead through the purchase of it by the owner of the fee in the land covered by the homestead, or through one for his use and benefit, whereby such owner is vested with immediate possession of the land, he can not defend a suit by the widow to recover the price agreed to be paid to her, on the ground of no consideration for the purchase, for in such case the obtention of the immediate possession by the owner is a valuable consideration for the agreement to purchase.

3. Homestead—Purchase—Right of Widow.—Where such purchase was made by the husband of the owner of the fee, and with her knowledge, procurement, and consent, and she executed a mortgage to secure the purchase price, the rule just announced will apply to her as though she had obligated herself to pay the purchase price, the transaction being tantamount to that.

BAKER & BAKER for appellants.

BOURLAND & BLACKWELL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Some years prior to May 1, 1913, Ed. Williams died in Webster county, leaving as his only heirs, his widow, appellee, Mrs. N. D. Williams who was his second wife, and Martha E. Williams, who is a daughter by a former marriage, she now being the wife of appellant, S. C. Overby, and was such at the time of the transactions involved in this suit. The deceased at the time of his death was the owner of several small tracts of land situated in the county of his residence, which were inherited by his daughter, Mrs. Overby, subject to the rights of the widow therein. By appropriate proceedings in the Webster circuit court, the widow was allotted a homestead right in and to one of the tracts containing 60 5/8 acres. On January 1, 1913, she entered into a contract with appellant, S. C. Overby, by which she agreed to sell, and he agreed to purchase, her right of occupancy of that tract as a homestead, the consideration agreed upon being $600.00. Immediately after this agreement, appellee abandoned possession of the tract which was burdened with her homestead right and possession of it was delivered to appellant, S. C. Overby, which he has continued to hold since that time. A formal

deed was executed by appellee to appellant, S. C. Overby, but this was not acknowledged until the following May, when it was delivered to him, although he had been in possession of the premises since the previous January. No part of the consideration for the contract was paid at the time it was consummated, but appellee accepted the note of S. C. Overby for the entire amount of it, payable January 1, 1914. To secure its payment, Overby and wife executed and delivered to appellee a mortgage, not only upon the 60 5/8 acres, but also on three other tracts which Mrs. Overby had inherited from her father. The note not having been paid at maturity, this suit was instituted in the Webster circuit court to recover judgment on it, and the lien on the land mortgaged to secure it, was also sought to be enforced. Both husband and wife were made defendants to this suit and they filed separate answers, each relying, however, upon substantially the same defense, it being that the sale by the widow of her statutory homestead right, *ipso facto*, resulted in an abandonment of it and a consequent forfeiture of all of her right to the owner in fee of the land. It was therefore insisted that there was nothing obtained by the purchase and there existed no consideration for the note and mortgage. Demurrers were filed to these answers, both of which were sustained by the court below, and defendants declining to plead further, judgment was rendered upon the note against the husband, S. C. Overby, and a sufficiency of the mortgaged land to pay it was ordered to be sold by the master commissioner. Of this judgment, the defendants are complaining on this appeal.

The contention of appellants is based upon the holding of this court in the following cases: Freeman v. Mills, 101 Ky. 142; Bryant v. Bennett, 22 Ky. Law Rep. 1866; Kimberlin v. Mason, 23 Ky. Law Rep. 42; Jones v. Green, 26 Ky. Law Rep. 1191; Clay v. Wallace, 116 Ky. 599, and Love v. McCandless, 157 Ky. 352. In each of these cases it is held, that inasmuch as the statute (Ky. Statutes, sec. 1707) provides that this character of homestead, "shall be for the use of the widow so long as she occupies the same," a sale of it by her constitutes an abandonment of it, giving to the owner of the fee an immediate right to possession. This right of the heir, or owner of the fee, is stated in the opinion in the Kimberlin case, *supra*, thus:

"When the widow forfeited and surrendered her right to the use and occupancy of the homestead by a sale to appellant, the heirs at law were at once entitled to be put in possession thereof."

We have no inclination to question, or alter in any way, the rule as laid down in the cases referred to. But the facts of this case are widely different from those in the cases, *supra*, and the rights of the parties are governed by correspondingly different legal principles. A reading of the cases referred to will show that the attempted sale in each of them was made to a stranger to the fee and who held no interest in the land and could not in any way be benefited by a forfeiture of the homestead. There was no estate held in the land by any of the purchasers in those cases which might be augmented by the right of the widow becoming extinguished, upon which event, as we have seen, the right of the owner of the fee to the possession immediately accrued. It necessarily resulted from this, that the purchaser obtained nothing by his purchase, and there existed, therefore, no consideration for his promise to pay; however his liability on an obligation, given in payment of the purchase price of the homestead, is not presented or determined in either of the cases. But if the question of liability of the purchaser had been presented and determined adversely to the widow under the facts of those cases, we would not feel ourselves bound thereby under the facts of the instant case. The heir or owner in fee, by purchasing the homestead, produces a forfeiture thereof, thus relieving his estate from the homestead incumbrance and unites his title with the right of immediate possession. This right of immediate possession is a valuable one and furnishes a sufficient consideration for his promise to pay the purchase price. To uphold the defense relied upon and permit the heir to benefit, by refusing to perform his agreement, would be repugnant to all principles of right and justice.

It is insisted, however, that the note upon which suit is brought is executed by the husband, and that so far as his wife is concerned, it is the same as though the purchase had been made by an entire stranger. We can not agree with this view, for the following reasons: It is alleged in appellee's pleadings that the wife was very insistent upon the purchase being made and was very anxious to get the immediate possession and con-

trol of the tract of land encumbered by the homestead, and, further, that she "was present, knew of, and consented to said sale and pledged, as security for the payment of said $600.00, her individual land by mortgaging same to plaintiff." These allegations were not denied and must be accepted as true, and we know from the record that she did execute a mortgage on her land to secure the note.

By mortgaging her property to secure the obligation given by her husband, in a sense, obligated her for that debt, and we have but little doubt, from the record, that the purchase was made at her instigation. Under the circumstances, we are disposed to view this transaction as though the purchase had been made by her and to apply the law governing the rights of the parties as though the owner of the remainder interest purchased the homestead. Her husband was in reality her agent to procure the abandonment.

We do not mean to be understood as holding that, in all cases, when the purchase should be made by the husband whose wife is the owner of the remainder, that she or her property is liable for the purchase price, but limit our holding in this respect to cases presenting facts similar to those here presented.

It is further insisted that the judgment is erroneous because in the separate answer of Mrs. Overby, it is alleged, that the appellee "lived there (on the homestead) for a short while only and then abandoned said homestead and has not lived thereon for several years." This allegation is but a conclusion of the pleader and does not properly constitute a plea of abandonment. To have made it good as such, it should not only have stated that appellee had not lived on the homestead for several years, but should have gone farther and negatived the existence of any facts which would have constituted occupancy by the widow, although she, herself, did not live on the premises. Under numerous decisions of this court, it is sufficient that the occupancy should be by tenant, and it is unnecessary to preserve the homestead right, that the widow herself should live upon the land. Besides, it is alleged in appellee's pleading that she had continued to occupy her homestead, either by herself or tenant, since it was allotted to her, and this is not denied by any adverse pleading.

Wherefore, the judgment is affirmed.