## Korb v. Stege, et al.

(Decided October 28, 1921.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Partition—Action for Partition.—Under the provisions of subsection 3 of section 490 of the Civil Code, which is an amendment to that section enacted in 1916, land may be sold for purposes of division where there is a life interest in only an undivided portion of it, and this may be done when one of the joint owners owns absolutely the other portion as well as the life interest and a joint interest in the remainder of that portion covered by the life interest, it not being necessary under the amendment, that all the joint owners should have either the actual or constructive possession of the property.

A. M. MARRETT for appellant.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY and GEO. D. CALDWELL for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming

On May 11, 1907, Ernest Stege died a resident of Jefferson county, intestate, unmarried and without issue, and left as his only heirs his father, Christian Stege, and his mother, Elizabeth Stege.. He owned at the time of his death a small tract of land situated near Louisville containing 17.17 acres, which was inherited in equal moities by his father and mother. On June 20, 1914, the father Christian Stege, died intestate, leaving his widow and ten children as his heirs, and at the time of his death he still owned jointly the tract of land inherited by himself and wife from their deceased son, Ernest Stege. After the death of her husband, Elizabeth Stege filed action No. 91,449 in the Jefferson circuit court, chancery branch, first division, to which she made all the heirs of her husband parties and in which it was adjudged that she be allotted as part of her dower interest in all of her husband's real estate a life interest in and to all of his undivided interest in the 17.17 acres inherited by both of them from their deceased son, which made her the absolute owner of a one-half undivided interest in that tract and the owner of a life interest during her life in the other one-half undivided interest.

While the title thus stood as to that tract, and on February 28, 1919, she deeded all of her interest therein to

her son, the appellee and plaintiff below, Louis Stege, who in the meantime had purchased from four of his brothers and sisters their interest in the remainder which they inherited from their father in his one-half undivided interest in the entire tract. While thus owning absolutely a one-half undivided interest therein and a half undivided interest in the remainder of the other half, and the life interest of his mother in the latter half, he filed this action against his brothers and sisters, who had not sold their interest to him, one of whom, by inquisition, had been adjudged of unsound mind, seeking to sell the entire tract for purposes of division among the owners according to their respective interest, upon the ground that the tract could not be divided in the required proportions without materially impairing its value.

Such proceedings were had as resulted in a judgment ordering the sale, which was made by the master commissioner as directed in the judgment, and the appellant, Edward W. Korb, became the purchaser at the price of $5,875.00. The sale was reported and confirmed, but the purchaser declining to execute bonds or otherwise carry out the terms of sale, was ruled to show cause why he declined to do so, and he responded by claiming that the judgment, the sale, and its confirmation were each and all void, because the section of the Code, under which the proceedings were taken (490), does not in any of its subdivisions authorize a sale of the property for purposes of division where the title is held in the manner shown in this case, and he asked that the judgment, the sale and its confirmation be set aside and held for naught, and that he be discharged and relieved from the obligations of his bid. The court upon hearing overruled all of his motions and he has appealed.

All of the interested parties are adults, and were it not for the fact that one of them was of unsound mind and represented by a committee in this proceeding, the appellant could not complain of any of the matters sought to be raised, since in that case the only one who could object to the character of proceeding would be some one owning an interest in the property sought to be sold. However, the disability of one of the parties referred to confers upon the purchaser the right to make the objections relied on by him, which we will now proceed to dispose of.

Section 490 of the Civil Code, in so far as it is applicable to the question raised, says:

"A vested estate in real property jointly owned by two or more persons (or owned as set out in subsection 3 of this section), may be sold by order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant—

"1. If the share of each owner be less than one hundred dollars.

"2. If the estate be in possession and the property cannot be divided without materially impairing its value, or the value of plaintiff's interest therein.

"3. If the estate shall have passed by devise or descent to the widow and heir or heirs of a decedent, and the widow shall have a life right in a portion thereof, either as homestead or dower or by devise and the said property cannot be divided without materially impairing its value or the value of the plaintiff's interest therein."

It is conceded by counsel for plaintiff that the judgment and sale cannot be upheld under either subdivision 1 or 2 of the section, since the share of each owner is worth more than one hundred dollars, thus removing the application of subsection 1; and it is admitted that the estate sought to be sold was not in possession of the joint owners (but only in possession of one of them), thus rendering subsection 2 of the section nonapplicable. But the same counsel strenuously insists that the judgment and sale are authorized under subsection 3 of the section, and counsel for appellant, the purchaser, combats that insistence with the same vigor with which it is made. Subsection 3 of the section and the parenthetical clause in the first part of it, "(or owned as set out in subsection 3 of this section)" are parts of an amendment to the original section enacted in 1916 and which is chapter 119, page 707 of the Session Acts, 1916.

Prior to the enactment there were many decisions of this court denying the right of the life tenant, whose tenancy extended to and covered the whole of the property sought to be sold, to maintain an action against the remaindermen for the purpose of obtaining a sale of the property for division under the section involved, and this is still true, as held in the case of Pierman v Pierman's Guardian, 187 Ky. 392. A sale under such circumstances could only be obtained in that case under the provisions of section 491 *for reinvestment* only in other real property, and only then if the remaindermen who were *sui juris* consented to the sale, as was held in the cases of

Gossom v. McFerron, 79 Ky. 236, and Robinson v. Fidelity Trust Co., 11 Ky. L. R. 313. It had also been held in a number of cases before the amendment that where the widow had dower in the property and there was only one child or heir owning the fee the land could not be sold under section 490 for the purposes therein expressed, and to remedy the defects pointed out in those opinions the 1916 amendment was enacted, which was expressly so held in the Pierman case, *supra*. In that case, however, the life estate covered all the property sought to be sold, and in as much as the amendment to section 490 (being subsection 3 thereof, with the quoted parenthetical clause), authorized a sale only where "the widow shall have a life right in a *portion* thereof," the judgment denying the sale therein was affirmed. We here have no such condition of the title; the life estate attaches to only *one-half* of the indivisible property sought to be sold, and there is therefore only a "life right in a *portion* of it," which brings the case directly within the express terms of the amendment, as we construe it.

But it is insisted that this cannot be so because, as contended, "the estate," mentioned in the amendment, means the one that was owned by the decedent, and which "passed by devise or descent to the widow and heir or heirs," and does not mean the property or estate which is sought to be sold, and of which decedent's interest was only an undivided part. And further, that whether it means the one or the other it must be in the possession, actual or constructive, of all the jointly interested parties.

Passing upon the first contention it will be observed that the section at its beginning says, "A vested estate in real property jointly owned by two or more persons," and immediately following the amendment added, "or owned as set out in subsection 3 of this section" may be sold, etc. So that the meaning is clear that the conditions set out in subsection 3 were intended to be sufficient of themselves, and independently of any other portion of the section, to authorize the sale. There is nothing in subsection 3 requiring the estate to be in possession, and we think the contention to the contrary cannot be sustained. Evidently, "the estate," as used in subsection 3, refers to the property sought to be sold, and the right to maintain the action is governed by the condition of the title to that property at the time the order of sale is made, and not to its condition at the time of the death

of the decedent, and the subsection was substantially so construed in the Pierman case, *supra*.

We, therefore, conclude that the proceedings were valid and were fully authorized under subsection 3 of section 490, and the judgment of the court, so holding, is affirmed.