## Charboneau, et al. v. Hart.

(Decided November 13, 1925.)

### Appeal from Whitley Circuit Court.

1. Partition—Petitioners in Partition Proceeding, Denied Relief, Held Not Precluded from Complaining of Sale Ordered by Chancellor on Defendant's Counterclaim.—Petitioners in partition proceeding based on Civil Code of Practice, section 490, where denied relief, held not precluded from complaining on sale ordered by chancellor on defendant's counterclaim, where the sale ordered was very different from the one they sought, and was ordered over their objection and exception and solely on the counterclaim.

2. Partition—Land, Held Homestead of Defendant, Not Subject to Partition at Instance of Owners in Fee of Undivided One-half Therein.—Where defendant owned in fee an undivided half in a 50-acre tract worth less than $1,000.00, and plaintiffs, his children, the other half, subject to defendant's life right therein as surviving husband of his first wife, defendant was entitled to occupy the tract as his homestead, under Kentucky Statutes, sections 1702, 1708, and order of chancellor refusing plaintiffs' petition for order of sale, under Civil Code of Practice, section 490, as amended by Laws 1916, chapter 119, was proper.

HENRY C. GILLIS for appellants.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming in part and reversing in part.

Appellee Hart and his first wife jointly owned the fifty-acre tract of land here involved and resided thereon from 1907 until her death in 1916. He owns no other land and has continued to occupy this tract as a homestead and having remarried in 1918 now resides upon same with his second wife and three infant children she

has borne him. The whole of the tract is worth not to exceed $900.00.

Recently the appellants, who are appellee's children by his first wife, instituted this action against him under section 490 of the Code for a sale of the land for partition, alleging its indivisibility, appellee's ownership of an undivided one-half thereof and their ownership of the other half subject to his life right therein. He admitted the indivisibility of the land but opposed a sale of his asserted right of occupancy as a homestead of the whole tract, and by counterclaim sought a sale subject to such right, which appellants opposed. The chancellor adjudged appellee a homestead in the whole tract and ordered a sale subject thereto, thereby in effect dismissing the petition and sustaining the counterclaim. This appeal by the plaintiffs challenges not only the right of the court to deny their petition for a sale of every interest of all parties in the land whether of title or possession but also the power of the court to order a sale of the land subject to appellee's life right therein as sought by him.

It is clear at the outset that the judgment can not be sustained upon the theory advanced by appellee that appellants are not in position to complain thereof because they sought a sale, since the sale ordered is very different from the one they sought and was ordered over their objection and exception and solely upon the counterclaim of appellee:

The sale ordered is therefore coercive and being for partition can be sustained only if authorized by section 490.

As the sole purpose of that section is to enable a party owning an interest in indivisible land and being entitled to immediate possession thereof to reduce same to possession by forcing a sale of the whole and partitioning the proceeds among such owners, it would seem clear that it was not intended to empower one party to force a sale of others' interests subject to any interest of his own.

It has never been so construed and to so construe it would enable the party entitled to possession to force a sale of title owned by others separate and apart from a right of possession, and under such circumstances as to make the sale most advantageous to himself and often ruinous to the owners. Such clearly was not the legislative purpose, and the court erred in ordering a sale as

asked by appellee, subject to his homestead in the whole tract.

But we are of the opinion the court did not err in refusing to order a sale of such right of appellee, as sought by appellants.

As appellee owns in fee an undivided one-half and appellants own the other half of the land subject to his life right therein as surviving husband of his first wife, and the whole tract is worth less than $1,000.00, it is clear he is entitled to occupy the whole of it as a homestead. Sections 1702 and 1708 of the statutes; 3 R. C. L. 665.

It is true the homestead right in this state is not an estate in land and is merely a right of occupancy (Demarest v. Allen, 189 Ky. 32, 224 S. W. 458); but the statute (1702) in granting and defining it not only states that it shall be exempt from liability for debt but exempt also from sale under execution, attachment or judgment except to foreclose a mortgage or purchase money lien. Hence by the very terms of the statute such right is exempt from sale by judgment in an action such as this. Not only so, but we uniformly have held that the homestead of a decedent continues after his or her death for the benefit of the surviving spouse and exists as well against the heirs of the decedent not residing on the land as against creditors.    Ellis v. Davis, 90 Ky. 183, 14 S. W. 74; Tillett v. Curd, 18 R. 182, 35 S. W. 920; Clay v. Wallace, 116 Ky. 599, 76 S. W. 388.

We just as consistently have held both before and since its amendment in 1916 that section 490 of the Code does not authorize a sale for partition where the right of possession of the whole tract is in one person.    Berry v. Lewis, 118 Ky. 652, 82 S. W. 252; Eversole v. Combs, 130 Ky. 82, 112 S. W. 1132; Pierman v. Pierman's Guardian, 187 Ky. 392, 219 S. W. 156; Korb v. Stege, 192 Ky. 633, 234 S. W. 280.

A sale was approved in the last named case, as also in Weedon v. Power, 202 Ky. 542, 260 S. W. 385, where the title was in much the same condition as here, but in neither of them was it shown or claimed that the right of possession of the entire tract was in a single person, and the sale was authorized in both cases upon the ground that the right of possession was not exclusive, and under the provision of the amendment to 490 (subsection 3) which permits a sale only where the widow (or widower) has a life right to a *portion* of the land.

Hence it follows a coercive sale was not authorized by section 490 for partition as asked by either appellants or appellee or at all.

Wherefore, the judgment is affirmed in so far as it refused a sale upon the petition of appellants, but reversed in so far as it ordered a sale upon appellee's counterclaim, and the cause is remanded with directions to dismiss both the petition and the counterclaim.