## Mangrum v. Mangrum, et al.

(Decided October 19, 1926.)

## Appeal from·McCracken Circuit Court.

1.  Partition.—Civil Code of Practice, section 490, subdivision 3, as amended by Acts 1916, chapter 119, does not authorize sale of estate descended to surviving spouse and heirs if right of possession of entire tract is in one of them, in view of Kentucky Statutes, sections 1702, 1707.

2.  Partition.—If estate is worth only $1,000.00 or less, and widow asserts and has established her right to possess it as homestead, sale may not be had under Civil Code of Practice, section 490, subdivision 3, as amended by Acts 1916, chapter 119.

3.  Partition—Where Estate which Could Not be Divided Claimed as Homestead by Widow was Worth More than $1,000.00, Mother and Father of Deceased were Entitled to Sale and Division of Proceeds (Civil Code of Practice, Section 490, Subdivision 3, as Amended by Acts 1916, Chapter 119).—Where estate claimed as homestead by widow was worth more than $1,000.00, and property could not be divided, father and mother of deceased were entitled, under Civil Code of Practice, section 490, subdivision 3, as amended by Acts 1916, chapter 119, to sale and division of proceeds, since widow had right to possession of only $1,000.00 of it as homestead.

4.  Partition.—Where estate sold was worth less than $3,000.00 and widow, aged 40, elected to take homestead rather than dower, she was entitled to .6784 per cent of amount of estate to which she was entitled as homestead and not merely .2261 per cent which represented her dower interest.

5.  Homestead.—Where sale of homestead brought $1,236.00, widow was not entitled to share in proceeds in excess of $1,000.00, since homestead exemption to surviving widow is limited to $1,000.00 under Kentucky Statutes, section 1702.

W. A. MIDDLETON for appellant.

M. E. GILBERT for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming in part and reversing in part.

John W. Mangrum died intestate in McCracken county, Kentucky, in July, 1921. He left no children, but was survived by his wife, appellant, Bettie Mangrum, and by his father and mother, the appellees, L. P. and Amanda Mangrum. When he died he owned a house and lot in Paducah, and thereafter this action was instituted by appellees for its sale and a division of its proceeds among the parties according to their respective in-

terests, upon the theory that it could not be divided without materially impairing its value and the value of their interests therein. Appellant answered and asserted her right to homestead in the house and lot, alleged that it was of less value than $1,000.00, and sought to prevent its sale. Proof was taken, and from the evidence the chancellor concluded that the house and lot was worth more than $1,000.00 and that it could not be divided without materially impairing its value and adjudged that it be sold. When sold it brought $1,200.00, and the chancellor adjudged that from the $1,236.00, proceeds of the sale and interest, $88.15, the cost of the action, be paid, and that appellant be paid .6784 per cent of the remainder, that being the adjudged present value of appellant's life interest therein, she then appearing to be 40 years of age. The balance was adjudged to be paid to appellees, L. P. and Amanda Mangrum.

Appellant has prosecuted the appeal from that judgment upon the theory that she was entitled to have the house and lot in question set apart to her as a homestead, and that the chancellor erred in adjudging that it be sold. Appellees have prosecuted a cross-appeal upon the theory that the chancellor erred in awarding her .6784 per cent of the sale price of the house and lot, their contention being that she was entitled to only .2261 per cent thereof.

On the appeal we will waive the question that presents itself to the court by virtue of the fact that the record discloses that the sale was duly reported; that no exceptions were filed; that the sale was confirmed without objection or exception; and that the purchaser of the property has not been made a party to the appeal. It is sufficient to say, in response to appellant's contention that the chancellor erred in adjudging a sale of the house and lot described in the petition, that subsection 3 of section 490 of our Civil Code of Practice expressly provides that where an estate shall have passed by descent to the widow and heirs of an intestate it may be sold by order of a court of equity if the property can not be divided without materially impairing its value or the value of the plaintiff's interest therein. That provision of the Code, however, must be read in connection with sections 1702 and 1707, Kentucky Statutes, relating to homestead. The section of the Code, *supra,* does not authorize a sale of an estate descended to a surviving spouse and heirs if the right of possession of the entire

tract is in, one of them. See Charboneau, et al. v. Hart, 211 Ky. 204, and cases there cited. If the estate be worth only $1,000.00 or less, and the widow asserts and has established her right to possess it as a homestead, a sale may not be had. Here, however, the estate when offered for sale brought more than $1,000.00. and clearly, under the section, *supra*, of the Code, appellees were entitled to its sale and a division of its proceeds, because the widow had the right to possession of only $1,000.00 of it as homestead, and because both appellant and appellees by their pleadings asserted that the property could not be divided, and the evidence herein without contradiction establishes that fact.

The judgment, therefore, will be affirmed on the appeal.

On the cross-appeal appellees' contention that appellant was entitled to only .2261 per cent of the proceeds of the sale of the tract of land after the cost had been paid would be correct if appellant had asserted her right to dower in the property. Under Dr. Wiggleworth's tables showing the present value of a widow's right to dower that is the correct per cent where she is 40 years of age. However, where the estate in question is worth less than $3,000.00 and the widow elects to take homestead rather than dower, it is provided that when 40 years of age she is entitled to .6748 per cent of the amount of the estate to which she is entitled as homestead. Consequently, appellees' contention on the cross-appeal that appellant was entitled to only .2261 per cent is without merit. We find, however, that the chancellor erred in this particular: The homestead exemption to surviving widows is limited to $1,000.00 in value. Section 1702, Kentucky Statutes. The widow was entitled to participate in no part of the proceeds of the sale of the house and lot in excess of $1,000.00. She was entitled to receive herein .6784 per cent of only $1,000.00 of the purchase price, or $678.40. The judgment was erroneous in allowing her any part of the proceeds of the land sold in excess of $1,000.00.

For the reasons indicated the judgment is reversed on the cross-appeal, with direction that judgment in conformity herewith be entered.

Affirmed on the appeal and reversed on the cross-appeal.