## Cecil v. Cecil's Exors., et al.

(Decided October 28, 1919.)

### Appeal from Boyle Circuit Court.

1. Courts—Jurisdiction—Judgment—Adjudication of Matters Not Embraced by Pleadings.—Although a court may have jurisdiction of the parties and of the subject matter, if properly presented to it, it is without authority to adjudicate upon matters, which are not embraced by the pleadings, and the issues made therein, and are foreign to the claims of relief sought by the parties in the action, as set out by their pleadings.

2. Trial—Waiver of Pleadings.—Where the court has general jurisdiction of the subject matter, the parties may, by agreement, waive the necessity of the pleadings embracing the issue decided or the relief granted, or may ratify the action of the court, by consent subsequently given.

E. H. GAITHER for appellant.

BAGBY & HUGUELY, C. C. FOX, C. H. RODES, HENRY JACKSON and NELSON RODES for appellees.

SANDIFER & LANIER for Boyle Bank & Trust Co.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The judgment, appealed from, was rendered in an action, the style of which is Bessie C. Anhier, et al. v. Charles P. Cecil, Sr., et al., now pending in the circuit court for Boyle county. The action as pending in the circuit court, is an appeal from a judgment of the county court admitting to probate as valid, two certain papers, purporting to be the last will and testament of Granville Cecil, deceased. The appellants, upon the appeal from the county court to the circuit court, are the appellant here, James G. Cecil, and with him, Bessie C. Anheir, Margaret Embry, and Margaret Cecil Cantrill in her

own right, and as committee of Sarah Cecil and the latter by her committee, the first three named, being the children of the decedent, Granville Cecil, and the latter two, sisters of the decedent. The appellees, upon the appeal from the county court, are Chas. P. Cecil, Sr., and C. C. Bagby, who are nominated in the purported will as its executors, and, also, trustees of the property devised by the will, and in addition to them, as appellees, the widow of the devisee, the wife of appellant, James G. Cecil, and all persons interested as devisees, near or remote, under the will. The only issue presented by the pleadings in this action, is whether or not the papers admitted to probate in the county court are the last will and testament of Granville Cecil. The statement upon which the appeal from the county court is taken, assigns as grounds upon which the validity of the purported will is contested, is the want of mental capacity by the testator to make a will, and that the making of which was a result of an undue influence exercised upon him in the testamentary act. The appellees deny the existence of these grounds of contest. The appellees, also, plead in a paper, which they call an answer, certain things which they allege, estop the appellants from contesting the will. One of these grounds, is, that the appellants, before appealing from the judgment of the county court, had instituted a suit in equity, against the appellees, for a construction of the will, in which they alleged ownership of the property by inheritance, and sought an injunction against the executors and trustees to restrain them from taking the possession of the property under the will. With the answer and as a part of it, a copy of the petition in equity is filed. Without determining the merits of this plea as an estoppel, it suffices to say, that it only presents a ground relating to whether or not the will should control the disposition of the property and whether the appellants should be bound by the validity of the will as adjudged by the county court. The only relief sought by the pleadings, is that the papers be adjudged not to be the last will and testament of the decedent, while the appellees only sought to have the papers adjudged to be such last will and testament. Hence, giving to the court, the widest latitude under the pleadings in the case, the only issue presented for the consideration of the court, was the

validity of the will, and whether the appellants were estopped to contest it. These were the only issues, which the pleadings in the case placed within the jurisdiction of the court for its determination. The filing of a copy of the petition in equity with the answer of the appellees did not bestow, upon the court, jurisdiction to determine matters presented in the petition in equity, except to the extent, that it constituted an estoppel, if it did so, to the prosecution of an appeal from the judgment of the county court adjudging the will to be valid. The rule under consideration, is thus stated in 23 Cyc. 817: "To render a valid judgment, the court must have jurisdiction not only of the party and the general subject matter, but, also, of the particular question, which it assumes to decide, or of the particular remedy or relief which it assumes to grant; and a judgment of a court upon a subject, which may be within its general jurisdiction but which is not brought before it by any statement or claim of the party and is foreign to the issues submitted for its determination, is void."

It is also a well settled doctrine, that a judgment must be warranted by the pleadings, and if it is not supported by the pleadings, it is fatally erroneous.

Hence, before the judgment of a court can be valid, although it has jurisdiction of the parties, and the subject matter is one of which it has jurisdiction, if properly presented to it, in order that it may lawfully exercise its jurisdiction, the matter, adjudicated upon, must be presented to it in a way prescribed by law; that is, the question, decided, must be embraced by the pleadings, and the issues made therein and within the measures of relief sought by the parties, although this objection to the exercise of the jurisdiction may be obviated where the court has jurisdiction, generally, by the consent of the parties, and the necessity for the pleadings embracing it, may be waived by agreement, or ratified by the consent of the parties subsequently.

In the instant case, the testator, by the terms of the papers purporting to be his last will and testament, undertook to make a disposition of a farm, known as Melrose. He devised four undivided sevenths of the farm to the appellant, J. G. Cecil, and the remaining three-sevenths to Margaret C. Embry, but placed the farm in trust for the benefit of the two devisees naming, for that

purpose, the nominated executors of the will as the trustees. It is conceded, that, at the death of the testator, and at the time of the proceedings in the county court, and at the time of the appeal of this action to the circuit court, and thereafter, until a receiver was appointed for the farm, that the appellant, J. G. Cecil was in the possession of it, and continued in the possession of the dwelling and about twenty acres of the land, and it is also, conceded, that he is claiming ownership of the farm, either as the sole owner, or as a joint tenant, and he, further, claims that the farm does not pass under the will.

During the pendency of this action in the county court, and on the 10th day of April, 1916, an order was made and entered, in the case, purporting to have been done by the agreement of all the parties to the action. This order, among other things, directed the master commissioner of the court, out of any funds in his hands belonging to the estate of Granville Cecil, to pay to Rebecca T. Cecil, the wife of appellant, J. G. Cecil, for the maintenance of herself and three children, the sum of $150.00 per month, and a sum, not exceeding $200.00 per month to the Fletcher Sanitarium at Indianapolis, Indiana, for the care and treatment of appellant, for six months, from March 27, 1916, and $20.00 per month for clothing and necessities for him.

The commissioner was, also, directed to take, into his hands, any funds deposited to the credit of appellant in any bank at Danville, and any funds then due, that were owing from the proceeds of the sale of hemp, tobacco or other crops, grown on Melrose, during the year, 1915, and to use such funds in the payment of the allowances, above described. By the same order, the appellee, Boyle Bank and Trust Company, was made a receiver of Melrose until January 1, 1917, together with all farming implements, stock, feed, etc., thereon, with directions to manage and cultivate it, as in the receiver's judgment, would redound to the best interest of the parties to the action, except the dwelling, and about twenty acres of the land could be occupied by appellant, and his family, and if not occupied by them, should be rented not exceeding six months, from March 1, 1916. The order expressly provided, that at the end of the year, 1916, the status of all parties and the possession of all property should

be restored as at the time of making the order. The written agreement, upon which the order was based, was not subscribed by appellant, but was subscribed by the attorneys, who represented him in the action.

At the following term of the court, on September 29, 1916, an order was made, which purported to be based upon an agreement by all the parties, which authorized the Boyle Bank and Trust Company to make arrangements for seeding and cultivating Melrose for the year, 1917. The order of April 10, was confirmed and extended to authorize the receiver to make contracts and other necessary arrangements for the cultivation of Melrose for the year, 1917, but it does not appear, that it gave to the Boyle Bank and Trust Company, the possession, control or management of the farm longer than to the first of January, 1917, as provided in the order of April 10, 1916.

At the January term, 1917, and on January 4, the appellant filed a written motion to vacate the orders, made on April 10, and September 29, 1916, placing Melrose in the hands of the Boyle Bank and Trust Company, as a receiver, and to require it to make a settlement, and pay over to him, the proceeds of the farm, and to rescind the order, directing the master commissioner to take possession of the personal property on the farm, and the funds of appellant in the bank, and the debts owing to him, and to require the commissioner to pay to him the sum of $1,235.31, then in the hands of the commissioner and collected by him from Hudson and Davis, which was a debt owing to appellant by Hudson and Davis. The appellant stated, in a written motion, as the basis of his motion, that he was the owner of Melrose, and in possession of it, and that the agreed orders, under which the commissioner and receiver acted, were made by his attorneys, without authority from him so to do, and were made while he was absent from the state, and confined in a sanitarium, and therefore void. This motion appears never to have been passed upon by the court, and to have been abandoned by the appellant.

Thereafter, on January 10, 1917, the master commissioner filed a report of collections and disbursements, which shows the payments, made by him, to appellant and his wife, under the orders of the court, and this report was approved without any exceptions to the report by appellant, or objection to its confirmation.

On January 13, 1917, an order was entered, directing, that, out of the proceeds of the use of Melrose for the year, 1916, appellant should be paid the sum of $150.00 per month, beginning with the month of January, and a like sum per month to Mrs. Rebecca T. Cecil, the wife of appellant, for the maintenance of herself and children, from the same time, until the income, from Melrose, for 1916, should be exhausted, and then out of the income from the personal property, for 1916, until it was exhausted. The order recites, that the payments to Rebecca T. Cecil were made for her support, and maintenance, and "with the express agreement" that amounts paid to any of the families of either Mrs. Anhier, Mrs. Embry or appellant, should be charged to such beneficiary, as may be presumed in the final settlement of the estate. This order was not objected to by appellant, and appears to have been made with his consent, and by agreement.

At the April term, 1917, and on the 24th day of that month, an order was made, directing the Boyle Bank and Trust Company to make certain repairs upon the dwelling at Melrose, and for the protection of the crops during the year, 1917, and at the same time, upon motion of Rebecca T. Cecil, the monthly payments to her, were increased from $150.00 per month to $200.00 per month to take effect as if the order had been made on January 1, 1917, and the Boyle Bank and Trust Company was directed to pay the allowance out of any fund in its hands, or thereafter might come into its hands, arising from the receivership of Melrose.

On May 1, 1917, an order was made continuing the receivership of Melrose, during the year, 1917, and until otherwise ordered by the court, but allowing appellant and his family to occupy the residence, and confirmed the orders theretofore made for the receivership. Appellant objected to the order and saved an exception to its making.

Appellant, also, moved the court to "set aside and modify" the order, increasing the allowance of Rebecca T. Cecil from $150.00 to $200.00. The motion was overruled to which he excepted.

On September 13, 1917, appellant moved the court to "reconsider and readjust" the allowance made to Rebecca T. Cecil, his wife, of $200.00 per month, which motion was overruled. He then moved the court to grant

him the possession of Melrose, and to require the Boyle Bank and Trust Company to settle its accounts, as receiver, and to require the commissioner of the court, to pay to him all sums now in his hands, arising from the sale of the products of Melrose. The above two motions were overruled on September 27, 1917, and from the judgment of the court thereon, the appellant has appealed to this court.

Rebecca T. Cecil, the wife of appellant, was a party to the action, having been made so under an order of the court requiring the appellants to amend the statement of appeal from the county court, and the order directing the payment to her of $200.00 per month, out of the income of Melrose, was made upon her motion. She is not made a party to the appeal of the action to this court, and has not entered her appearance, and for such reason, the judgment in her favor, can not be considered.

It is urged by the appellees as justification for the orders made and complained of, that the circuit courts are courts of general equity jurisdiction, and that the appointment of receivers and making allowances to wives out of the estates of their husbands for their support, are matters within the general equity jurisdiction of circuit courts, and the appointment of receivers, are matters within the discretion of the chancellors. There can be no dispute upon the subject of the general equity jurisdiction of circuit courts in proper kinds of actions, and when the nature of the proceedings and the pleadings in the action are such as to present the questions in a way to authorize circuit courts to exercise their jurisdiction, that they may require a recalcitrant husband to maintain his wife and children, and in actions where the equities justify it, they may appoint receivers of property, which is in litigation, and to require the possession of it to be turned over to such receivers, but, they are without power to do so in actions where the pleadings do not embrace any such claims nor seek such relief, and where none of the reasons justifying the appointment of a receiver, are either alleged, or in issue, and where the exercise of such power is foreign to the pleadings, issues and nature of the action.

In such an action, a receiver can be appointed only upon the express agreement of the parties, who thereby waive the necessity of the pleadings embracing such claims or grounds of relief, and the party is not estopped

to complain of such action except by the subsequent ratification of the order. That the appointment of a receiver is always within the sound discretion of the chancellor is undisputed, but, the announcement of that doctrine presupposes an action before the chancellor in which he makes the order, which has issues and pleadings, which authorize the relief, but a receiver for real estate, will not' be appointed in any case, except in an action, which involves the title to real property, or where there is an attempt to enforce a lien upon it for debt, and the one in possession claiming the title, is committing waste and is insolvent, or else the person seeking to enforce the lien is entitled to the rents and the party in possession is insolvent and the property insufficient to satisfy the lien. Douglas v. Klein, 12 Bush 608; Columbia Trust Co. v. Morgan, 19 R. 1761; Collins v. Richart, 14 Bush 621; Ky. Stats. 2336, sections 298, 299, Civil Code.

The appeal, herein, is from the judgment of the court, rendered on September 27, 1917, overruling the motions made on September 13th. The motion was not to rescind the orders of April 10, and September 29, 1916, and which placed the farm in the hands of the receiver until the 1st day of January, 1917, and which it is claimed were made by the agreement and consent of appellant.

The only declaration made by appellant to the effect, that the orders were not made by his agreement, is contained, as appears from the record, in a written motion made by him at the January term, 1917, but this writing is not made a part of the record. The statement is not supported by an affidavit, and as before stated, the motion appears to have been abandoned. It can not be inferred, that simply because the appellant was then confined in a private sanitarium, that he was *non compos mentus*, and incapable of consenting to or making an agreement, in the absence of anything in the record, to indicate his condition mentally or physically, except that he was unwell and in need of treatment, at such an institution The motion, which appellant made and which was overruled and from its denial he appeals, was, that "he moves the court for possession of Melrose and for an order requiring the Boyle Bank and Trust Company, now in possession thereof, under order of this court, to surrender the possession to him, and to require the said Boyle Bank and Trust Company to make settlement of its accounts to date, and he moves the court for an order

requiring the commissioner of this court, to pay him all sums held by him arising out of the sale of the products on said farm of Melrose.'' Hence, the motion seems to involve only the order under which the Boyle Bank and Trust Company was then holding the property, as receiver, which was the order of May 1, 1917, and which was made over appellant's objection, and it is therefore unnecessary to determine the validity of the orders of April 10, and September 29, 1916. There is an entire absence of anything in the pleadings, issues or relief sought, in the case, to justify the court placing the farm in the hands of a receiver. Hence, the court was without jurisdiction to make the order of May 1st, 1917, and it was therefore void, and the court should have sustained appellant's motion, rescinded the order of May 1st, 1917, and permitted him to resume possession. The rescission of the order placing the farm in the hands of the receiver having been set aside, a settlement of its accounts would follow as a consequence, in a proper action or proceeding. From the record, it appears, that the commissioner upon a subsequent motion of appellant has already paid to him all that he claims was in the commissioner's hands belonging to him.

The judgment is therefore reversed to the extent indicated in the opinion, and the cause remanded, for proceedings consistent therewith.