## James G. Cecil in Bessie C. Anhier, et al. v. Granville Cecil's Exors., et al.

## James G. Cecil v. Granville Cecil's Exors. & Trustees, et al.

(Decided May 14, 1920.)

### Appeals from Boyle Circuit Court.

1. Receivers—Void Appointment—Right of One Deprived of Possession by a Void Receivership to Rents and Profits During the Receivership.—Where defendant was unlawfully deprived of the possession of real property by a receiver whose appointment was void, he was entitled to the rents and profits during the receiver-

ship, though he might be required to account for same upon a final settlement of the question of title.

2. Receivers—Grounds for Appointment of Receiver for Realty—Petition—Sufficiency.—While courts of equity have a broad discretion in appointing receivers of property that is the subject of litigation, yet a receiver for real estate will not be appointed at the instance of an adverse claimant as against one in possession claiming the title, unless it is made to appear that there is a reasonable probability that the complainant will establish his right to the satisfaction of the court, and that the one in possession is insolvent and is wasting the estate, or there is danger that the rents and profits will be lost through his insolvency, and a petition which fails to allege these facts is insufficient.

E. H. GAITHER for appellants.

HENRY JACKSON, CHARLES H. and NELSON D. RODES, BAGBY & HUGUELY and CHARLES C. FOX for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing in each case.

These two appeals have been consolidated and will be considered in one opinion.

The first appeal mentioned in the caption is the second appeal of that case. The opinion on the former appeal may be found in 185 Ky. 787, 215 S. W. 794.

Granville Cecil died, a resident of Boyle county, in the month of March, 1915. He was survived by his widow, Emma Talbott Cecil, and three children, James G. Cecil, Bessie C. Anhier and Margaret Embry. Each of his children had living children, some of whom were infants and other adults. Besides an undivided half interest in a one hundred acre tract of land near the city of Danville, Granville Cecil owned about 1,200 acres of land in Boyle county, and personal property of the value of about $50,000.00. By his will he devised his estate to Charles P. Cecil, Sr., and C. C. Bagby, as executors and trustees, and vested them with a broad discretion in distributing the net income of the estate to his children during their lives. Upon the death of his children, their children were entitled to the remainder interest in the estate. Included in the estate devised was a farm of about 322 acres of land, known as Melrose. Of the income from this land, four-sevenths was to be paid to James G. Cecil, and three-sevenths to Mrs. Embry.

Upon the probate of the will and qualification of the executors a contest followed, which resulted in a verdict

and judgment for contestants. On appeal the judgment was reversed and cause remanded for a new trial. Cecil's Exors., et al v. Anhier, et al., 176 Ky. 198, 195 S. W. 837. At the same time there were other suits pending, involving the title to Melrose farm. In one, Granville Cecil's widcw was asserting dower. In another, Margaret C. Embry and others were claiming to be the owners of the land in fee simple by virtue of the deed thereto, under which their father held title, and by virtue of his will. In still another suit, James G. Cecil claimed to be the owner of the farm by virtue of an alleged title bond executed to him by his father, and was also asserting certain liens and claims against the land.

When the testator died, his son, James G. Cecil, was in possession of Melrose farm. An agreed order was entered in the contest suit, placing that farm in the hands of a receiver. The order provided that at the end of the year, 1916, the status of all parties and possession of all property should be restored as of the time of making the order. Upon the expiration of the time fixed in the agreed order, an order was entered continuing the receivership without the consent of James G. Cecil. This court held that, inasmuch as James G. Cecil did not consent to the order, and as no issue of receivership was presented in the pleadings, the court was without jurisdiction to make the order continuing the receivership, and the order was therefore void. The court further held that James G. Cecil should be permitted to resume possession of the farm.

On the return of the case, James G. Cecil filed the mandate of this court and moved the court for an order restoring the possession of Melrose, and requiring the receiver to account to him for the rents and profits accruing during the time he was deprived of possession. Judgment was rendered restoring Cecil to the possession of the farm, but denying him the rents and profits. Of the latter portion of the judgment, Cecil complains.

James G. Cecil was in possession of Melrose when his father died. He agreed to the appointment of a receiver for a definite time, with the understanding that, at the expiration of that time, the possession of Melrose was to restored to him. By the void order continuing the receivership, he was unlawfully deprived of the possession of the property. Had he been in possession he would have received the rents and profits which were

a necessary incident of possession. Therefore, there is no escape from the conclusion that he is entitled to receive the rents and profits during the time he was unlawfully deprived of possession, although he may be compelled, upon the final settlement of the question of title, to account for the rents and profits, and pay a portion thereof to others.

(2) The second appeal is from a judgment appointing a receiver for Melrose farm in an action brought by the executors and trustees against James G. Cecil.

The petition sets out the death of Granville Cecil, the appointment and qualification of plaintiffs as executors and trustees, the pendency of an appeal from the order probating the will and of the various suits affecting the title and ownership of Melrose farm, the fact that James G. Cecil had possession of the farm under a lease which had expired, the fact that the receiver had operated the farm for the years 1917, 1918 and 1919 under an order of the Boyle circuit court, the necessity of their making a contract for the operation of the farm for the year 1920, and the further fact that the defendant, James G. Cecil, and Rebecca T. Cecil, the wife of the defendant, were beneficiaries of the income from the Melrose farm. Plaintiffs charged that Cecil was threatening to take possession of the farm and wrongfully to interfere with its use and possession by plaintiffs; that he was threatening to take possession of it and employ and use the same for his own benefit, and if permitted to do so, plaintiffs would be hindered, delayed and obstructed in discharging their duties as executors and trustees; that in order to preserve and protect the estate of the decedent, and to accomplish a proper administration thereof, and to subserve best the interests of the beneficiaries of the income from the real estate, plaintiffs were entitled to possession of the whole of said real estate and should be kept free from any unlawful hindrance or interference on the part of the defendant; that if defendant is permitted to interfere with the use and occupation of said premises by plaintiffs, great injury and loss and damage would ensue to the beneficiaries of the rents and income and profits of said real estate. The original petition asked only for an injunction, but an amended petition was filed asking for a receiver. The records of all the suits affecting the title to the property were referred to and made a part of the petition.

Here, we have a case where the executors and trustees are claiming title under the will, with the consequent right to the income and profits of the farm. Their title is not only questioned by the contest suit, but defendant, who is in possession, is claiming title by purchase from his father. The receivership was asked on the ground that the possession of defendant would obstruct plaintiffs in the discharge of their duties as executors, that a receiver was necessary to preserve and protect the estate, and that if the defendant was permitted to interfere with the use and occupation of the premises, great injury and loss and damage would ensue to the beneficiaries of the rents and income and profits of said real estate. These allegations, it seems to us, were not sufficient to authorize a receiver. While courts of equity have a broad discretion in appointing receivers of property that is the subject of litigation, yet a receiver for real estate will not be appointed at the instance of an adverse claimant, as against one in possession claiming the title, unless it is made to appear that there is a reasonable probability that the complainant will establish his right to the satisfaction of the court and that the one in possession is insolvent and is wasting the estate, or there is danger that the rents and profits will be lost through his insolvency. Ryder v. Bateman, 93 Fed. 16; Chase's Case, 1 Bland 206, 17 Am. Dec. 277; Cecil v. Cecil's Exors., *supra*. While it is charged in a general way that a receiver is necessary in order to protect the estate, and that defendant, if permitted to retain the possession, will apply the rents and profits to his own use, and that great loss and damage will result to the estate, no facts are alleged showing how the loss will result. For aught that appears in the petition, not only may the defendant be perfectly competent to manage the farm, but his financial condition may be such as to insure the estate against all possible loss. It follows that the demurrer to the petition should have been sustained, and the application for the receiver should have been denied.

Judgment reversed and cause remanded for proceedings consistent with this opinion.