## Boyle Bank and Trust Company v. James G. Cecil.

## Granville Cecil's Executors and Trustees v. Boyle Bank and Trust Company, et al.

(Decided November 10, 1925.)

### Appeals from Boyle Circuit Court.

Compromise and Settlement—Suit by Beneficiary in Will to Recover Alleged Illegal Commissions and Fees Allowed to Receiver of Estate Acting Under Void Order Held to Come Within Compromise Settlement.—Suit by beneficiary in will to recover alleged illegal commissions and fees allowed to receiver of estate acting under void order held to come within compromise settlement be-

tween heirs and devisees of testator for settlement of will contest and all other pending litigation involving estate.

HENRY JACKSON and SANDIFER & LANIER for appellant Boyle Bank & Trust Company.

O'REAR, FOWLER & WALLACE and J. WOODFORD HOWARD for appellants Cecil's executors and trustees.

E. H. GAITHER for appellee Cecil.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Granville Cecil, Sr., a resident of Boyle county, Kentucky, died testate in March, 1915. At the time of his death, in addition to other valuable properties, he owned a farm in Boyle county containing 322 acres, known as "Melrose." After his death a contest was instituted attacking his will, and other actions were instituted involving the title of his property and a settlement of his estate. As may particularly be made to appear, by previous opinions of this court in Cecil v. Cecil's Exors., et al., 185 Ky. 787, and Cecil v. Cecil's Exors., et al., 188 Ky. 700, during the pendency of all that litigation, by agreement of the parties, the farm Melrose was placed in the hands of a receiver for the year 1916. An order was subsequently made extending the receivership. In the first of the cases, *supra,* this court held the order entered extending the receivership beyond January 1, 1917, to have been void, and directed that in as much as J. G. Cecil, Jr., appeared to have been in possession of Melrose at the time it was placed in the hands of the receiver, upon the expiration of the valid receivership January 1, 1917, it should have been restored to his possession. Upon the return of the case and the filing of the mandate of this court under that opinion, appellee, James G. Cecil, moved for an order restoring possession of Melrose to himself and requiring the receiver to account to him for the rents and profits during the time he was deprived of possession. Judgment was entered restoring possession of the farm to him, but he was denied an accounting. Upon the second appeal of that case, the Cecil case, *supra,* reported in 188 Ky. 700, this court reversed the latter part of the judgment of the trial court, holding J. G. Cecil to have been entitled to an accounting for the rents and profits. This court in that opinion said:

"Therefore, there is no escape from the conclusion that he is entitled to receive the rents and

profits during the time he was unlawfully deprived of possession, although he may be compelled, upon the final settlement of the question of title, to account for the rents and profits, and pay a portion thereof to others.''

The latter opinion was rendered on the 14th day of May, 1920, and during the pendency of the action involving the question above and other questions the receiver filed settlements from time to time, the final settlement having been filed January 20, 1920. Exceptions to that report were filed by appellant, James G. Cecil, on January 22, 1920, and, upon the ground that the receiver had been in charge of the farm under a void order, the correctness of the credits to itself of commissions for handling the farm and compensation for its attorneys was challenged. It will be observed that the settlement and those exceptions were filed prior to the rendition of the last opinion herein from which the quotation above is taken. It does not appear herein what action was taken upon the exceptions above referred to after the mandate of this court issued pursuant to and by virtue of the last opinion above was filed in the circuit court.

Thereafter and on December 13, 1920, this action was instituted by appellee, J. G. Cecil, against appellant, the Boyle Bank and Trust Company of Danville, Kentucky, by which he sought to recover from it $2,100.00, commissions allowed to it, and $500.00 attorneys' fees, allowed for its attorneys while it held the farm Melrose in its possession as receiver under the appointment declared invalid by this court. No explanation is made as to why a new action to recover these particular fees alleged to have been illegally paid was deemed necessary rather than why the question should not have been determined in the original action in which it arose.

Appellant, Boyle Bank and Trust Company, for answer pleaded that the questions raised by appellee's petition, together with all other issues in litigation between the devisees, legatees and heirs at law of Granville Cecil, Sr., were compromised and settled on the 31st day of March, 1921. It pleaded the settlement in bar of appellant's right to recover the $2,600.00. By cross-petition it brought the executors and trustees of the estate of Granville Cecil, Sr., into this action and sought, in the event it should be required to pay appellee the sum sought to be recovered by him, to recover same from the

defendants on cross-petition, upon the theory that they were responsible for its appointment as receiver of Melrose and therefore were responsible to it for compensation while so acting. Cecil's executors and trustees answered denying appellee, J. G. Cecil's, right to recover in the first instance, because of the settlement, and also denying liability in any event to appellant Boyle Bank and Trust Company.

The chancellor adjudged appellee J. G. Cecil, Jr., to be entitled to recover $1,400.00 wrongfully allowed to appellant Boyle Bank and Trust Company, receiver, as commissions, and $400.00 wrongfully allowed it for attorneys' fees. On the cross-petition of the Boyle Bank and Trust Company the chancellor awarded it a judgment against the executors and trustees of the estate of Granville Cecil, Sr. This appeal has been prosecuted from that judgment by both the Boyle Bank and Trust Company and the executors and trustees of Granville Cecil, Sr.

The judgment of the chancellor rendered herein seems largely to have been predicated upon the last opinion of this court above referred to, reported in 188 Ky. 700, in which it was held that appellee James G. Cecil was entitled to possession of Melrose from January 1, 1917, and to an accounting from the receiver unlawfully in possession after that date on account of the rents and profits held to be a necessary incident of possession. It must not be overlooked, however, that by the same opinion this court suggested that the right of appellee J. G. Cecil to hold the rents and profits ultimately would depend upon a settlement of the question of title then in dispute among so many adverse claimants claiming under so many adverse sources of title.

By his will Granville Cecil devised the farm Melrose to trustees to be held in trust, four-sevenths of the income to be paid to appellee J. G. Cecil for life, and three-sevenths thereof to Margaret Cecil Embry, a daughter of testator, for life. It was provided that following the death of the life tenants it should be held by the trustees until the youngest child of each should become twenty-one years of age, at which time the children of said J. G. Cecil and Margaret Cecil Embry should take the same in fee simple title. By contesting that will the contestants, heirs of Granville Cecil, were claiming title to Melrose by inheritance, upon the theory that testator lacked sufficient mental capacity to make a valid will and

died intestate. Later J. G. Cecil instituted a separate action against all the other parties in interest by which he claimed title to the farm Melrose under an alleged title bond. All those actions were pending at the time the opinion above was rendered by this court. After the rendition of that opinion and while the particular action in which it was rendered was pending, and while the action contesting the will was pending, and even after this separate action had been instituted by appellee for the recovery of the particular judgment rendered in his favor herein, and while it was pending, all the parties to all the litigation then pending involving and with respect to the estate of Granville Cecil, Sr., compromised and settled their differences and agreed upon a compromise settlement of his estate. The agreement was reduced to writing, and, among other things, contained this provision: "All suits now pending of every kind or character by the parties to this agreement or any of them against the executors or trustees of Granville Cecil, Sr., or affecting his estate are to be dismissed settled." Appellee James G. Cecil did not sign and become a party to that agreement at the time the other parties in interest did, but later and on March 31, 1921, did become a party to it by signing an additional memorandum to which was attached a copy of the compromise agreement containing the above provision by which he ratified it in all its terms. The separate agreement executed by appellee contained, among other things, this provision: "Appropriate orders shall be entered in all courts wherein any action, suit or appeal may be pending dismissing such cause, suit or appeal as settled." He was the last of the parties in interest to join in the agreed settlement of the estate of Granville Cecil, and by that settlement the parties in interest all agreed that the will and codicil of Granville Cecil, Sr., the subject of the contest, should be adjudged and held to be his last will and testament. Thereby the question of title of Melrose was finally, definitely determined in the litigation between its various claimants. That farm was placed in the hands of trustees, as provided for in Granville Cecil's will, and the only interest in same appellee James G. Cecil, Jr., has is that during his life he is entitled to four-sevenths of the income therefrom.

In view of these facts the court is of the opinion that this action instituted by appellee James G. Cecil, Jr., to recover the alleged illegal commissions and fees allowed to the receiver was clearly one of the suits affecting the

estate of Granville Cecil, Sr., within the contemplation of the parties when, by the compromise agreement, they agreed that: "All suits now pending of every kind or character between parties to this agreement or any of them against the executors or trustees of Granville Cecil, or affecting his estate, are to be dismissed settled." In view of the fact that the rents and profits, which appellee James G. Cecil was held by the opinion quoted from, *supra,* to be entitled to recover from the receiver for the time Melrose was held under the void receivership, were in turn to be held by him subject to liability for an accounting at his hands upon the final settlement of the question of title, his ultimate right to the benefits of the rents and profits depended upon his ultimately succeeding in establishing his claim to title under which he was in possession. Failing in that he would be required to account for the rents and profits to whomsoever title might ultimately be adjudged. The receivership was declared void by this court and appellee J. G. Cecil, Jr., was declared entitled to the rents and profits of Melrose during the period of the illegal receivership in the particular action in which J. G. Cecil, Jr., sought to have himself declared to be the owner in fee of Melrose under the alleged title bond from his father, Granville Cecil, Sr. That farm was among the most valuable of the properties constituting the estate of Granville Cecil, Sr., and all his heirs and devisees were parties to that action. The relief sought herein was one of the issues of that action, and might have been determined therein without appellee instituting this action for the relief sought by him herein. Even this action was pending when appellee accepted the compromise settlement. Appellee's ultimate right to the rents and profits of Melrose depended upon his ultimately establishing his ownership thereof. That he did not do. Under all the facts it can not be held that this action was not among the suits then pending affecting the estate of Granville Cecil, Sr., that the parties had in contemplation when they provided that: "All suits now pending of every kind and character by the parties to this agreement or any of them against the executors or trustees of Granville Cecil, Sr., or affecting his estate are to be dismissed settled." Otherwise, appellee would recover and appropriate $1,800.00 of the income from "Melrose" to which he is not entitled under the agreed settlement as to its ownership to which he subscribed.

We, therefore, conclude that the judgment herein is erroneous and that plaintiff's petition herein, under the terms of the compromise agreement above, should have been dismissed settled.   Judgment reversed.