## Parnell v. Loving, et al.

(Decided June 10, 1927.)

### Appeal from Montgomery Circuit Court.

1. Dower.—In ejectment by one claiming as father's heir against those in possession under grant by plaintiff's mother, election by plaintiff's mother to have homestead right after husband's death, instead of dower, will be conclusively presumed, where dower was never assigned her, and land was then worth less than $1,000.

2. Adverse Possession.—In ejectment by one as father's heir against those in possession under grant from plaintiff's mother, evidence that purchaser from mother, under whom defendants claimed, claimed only estate for mother's life, held to render judgment for defendants, claiming absolute title by adverse possession, error.

3. Adverse Possession.—Essential element of "adverse holding," so as to eventually ripen into title, is that possessor must claim title which he afterwards asserts.

4. Ejectment.—In ejectment, evidence held to show conveyance of land by plaintiff's grandfather to her father, and that she inherited it from father, subject to rights of mother as his widow.

5. Ejectment.—On defendants' failure to prove adverse possession, which was only title on which they relied, and to prove other defenses, where plaintiff established title dismissing petition in ejectment and adjudging land to defendants was error.

6. Ejectment.—Plaintiff recovering in ejectment, held entitled to recover reasonable rentals for period 5 years before filing action, at which time she became 21 years of age.

HENRY WATSON for appellant.

W. B. WHITE and CHAS. D. GRUBBS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, Eva Parnell (nee Sparkman), brought this action on October 8, 1919, in the Montgomery circuit court, to recover from appellee and defendant below, James Loving, a tract of land in Montgomery county, containing 70 acres, which she averred that she owned and was entitled to its possession, and that it was being wrongfully withheld from her by de-

fendant. She also prayed for judgment for reasonable rental for the 5 years preceding the filing of the action.

Defendant answered, denying plaintiff's title, and averred that he owned 50 acres of the 70-acre tract, and that plaintiff's claim was a cloud upon his title, and he sought to remove it by making his answer a cross-action against her. Later appellee Rufus Shepherd filed his intervening petition, in which he claimed to own the other 20 acres of the 70-acre tract, and he sought the same relief against plaintiff by a similar cross-action against her. Appropriate pleadings made the issues, and upon final submission, after proof taken, the court adjudged that defendants owned the tract in the proportions described in their respective pleadings, and quieted their titles thereto, and dismissed plaintiff's petition, to reverse which she prosecutes this appeal.

It is conceded by all parties that the land involved was at one time owned by James Sparkman, the grandfather of plaintiff, who averred in her petition, and we think established by her proof, that he conveyed the land by duly executed deed and for a valuable consideration to his son, Hiram Sparkman, plaintiff's father, and the latter immediately moved to and resided upon it until his death, which occurred about the year 1893; that the vendee in that deed (plaintiff's father, Hiram Sparkman) did not file it for record with the county clerk of the county during his lifetime, but that his widow, plaintiff's mother, did so file it, and it was so indorsed a short while after the death of Hiram Sparkman, but that in some manner it was lost or removed from the clerk's office without ever being recorded; that plaintiff was the only heir of her father, and inherited from him the tract of land, subject to the rights of her mother as surviving widow; that within a year or so after the death of plaintiff's father she married Ambrose Shepherd, and that plaintiff's mother and her second husband, on July 15, 1896, attempted to sell the land under an executory contract in the nature of a bond for title to Silas Amburgy, in consideration of $150 then paid by the latter. That bond was transferred by assignments written thereon to a number of successive and mesne vendees, until it was transferred to defendant Loving in 1908, from which time he has possessed all his portion of the tract, and in the meantime defendant Shepherd became possessed of his portion of the tract through similar assignments.

One of the successive vendees of the executory title attempted to be conveyed by the bond was Isaac Jobe, and he transferred it to defendants in 1908 in the proportions of their respective claims.

Defendants contended that they and their predecessors in title under the executory contract from Mrs. Ambrose Shepherd (nee Sparkman) and her husband have been in continuous, actual, notorious, open, exclusive, hostile, and adverse possession of the land, claiming it as their own against plaintiff and all the world, since July 12, 1896, a period of more than 15 years, and more than 3 years after plaintiff arrived at the age of 21 years, which, according to the proof, was in 1914, and that by reason thereof they not only acquired title to the land by adverse possession but that plaintiff's cause of action was barred by the statute of limitations, which, as stated, they also pleaded and relied on, and which plaintiff appropriately controverted.

Defendants contend, and we think correctly so, that under the principles announced in the cases of Campbell v. Whisman, 183 Ky. 256, 209 S. W. 27, Anderson v. Sanders, 193 Ky. 364, 236 S. W. 561, and others referred to in those opinions, plaintiff's mother will be conclusively presumed to have elected after her husband's death to take her homestead right in the tract of land instead of dower, since the latter was never assigned her and the land at that time was worth considerably less than $1,000.

That being true, counsel further contend, in reliance upon the same cases, that the attempt by plaintiff's mother to convey her right in the land as widow of her deceased husband, Hiram Sparkman, was an abandonment of her homestead right, and that plaintiff's cause of action, as the owner of the land inherited by her from her deceased father, subject to her mother's rights therein, then and there accrued, and that the continuous occupancy thereafter in the manner and with the required intention to constitute adverse holding, and which it is claimed continued for a period of more than 23 years (the last 5 years of which was after plaintiff became 21 years of age), barred plaintiff's right and ripened the title in defendants. The conclusions of counsel are no doubt sound and correct, if based upon sound premises, as is fully sustained by the cases supra. The unsoundness of the conclusion, however, according to our

interpretation of the testimony in the cause, lies in the fact that the character of possession by the original and successive vendees under the bond was not adverse and was not such as to ripen title by prescription, nor to operate as a bar to plaintiff's right under the statute of limitations.

Isaac Jobe, who was one of the intermediate vendees under the bond, and the immediate assignor of it to both defendants, testified in the cause. At the time he gave his deposition he was a merchant in the city of Mt. Sterling, and there is nothing in the record remotely or otherwise impeaching his credibility. He stated in his evidence that he understood, when he purchased the land from his father-in-law, Bill Shepherd (who in turn purchased it from D. E. May, he having purchased it from Silas Amburgy), that the latter owned and transferred to him only an estate for the life of the plaintiff's mother, upon the theory that her title bond conveyed only a life estate which it was thought she owned in the land at that time. He stated that he never asserted any other title, and that May had told him on a prior occasion that he (May) likewise claimed only an estate in the land for and during the life of plaintiff's mother.

One of the essential elements to an adverse holding, so as to eventually ripen into title, is that the possessor must claim the title which he afterwards asserts under his adverse holding, upon the theory that the possession was accompanied with a claim of title "against the world," and such a holding under such absolute claim must continue uninterrupted for the statutory period, since title by adverse possession is not so acquired without such continuous uninterrupted claim and possession, and limitations do not run unless there was a cause of action in favor of the one disputing such title every day during the statutory period. Meek v. Davis, 189 Ky. 64, 224 S. W. 659. Our cases are unanimous as well as numerous, in support of the character of holding just described, and we deem it unnecessary to incumber the opinion with a lengthy citation of them. One is Combs v. Turner, 193 Ky. 636, 237 S. W. 37. See, also, Wilson v. Catron, 179 Ky. 290, 200 S. W. 459. In addition to the testimony of Isaac Jobe, above referred to, it is also shown that defendant Loving attempted to purchase plaintiff's interest in the land after she arrived at 21 years of age, but without success. We therefore conclude that defendants failed to establish title to the land in controversy, and for

the same reason their plea of limitation was not available.

The only other question for consideration is whether plaintiff sufficiently proved the conveyance of the land by John Sparkman to her father, Hiram Sparkman. That question, however, is not seriously disputed by defendants, although their counsel engage in some slight discussion of it in their briefs. However, plaintiff's mother testified postively, and which testimony is uncontradicted in the record, that the conveyance was made by plaintiff's grandfather to her father, and the witness lodged the deed for record after the death of her first husband. In addition thereto it is shown by defendants themselves that several years ago John Sparkman endeavored to recover the land from them in an action filed in the Montgomery circuit court, but was unsuccessful. The record of that case is not made a part of this one, but it is fair to infer that the reason why he so failed was because he was unable to prove title in himself, but which he at one time owned, as counsel for defendants concede and admit in their briefs. Therefore he must have lost in that action, because of the fact that he had conveyed away the land to his son, Hiram. There are several other facts and circumstances in the record which, with the testimony we have referred to, convince us that the conveyance of the land by John Sparkman was made as plaintiff alleged in her petition, and, that being true, she inherited it from her father, subject to the rights of her mother as his widow.

Defendants having failed to prove the only title upon which they relied, as well as failed in their other defenses, and plaintiff having established her title, the court erred in dismissing her petition, and in adjudging the land to defendants. It follows, also, that she was likewise entitled to recover reasonable rentals for the use of the land for a period reaching back five years before the filing of the action. The court, having dismissed the petition, made no finding of fact on the issue as to rentals, nor is the testimony in the record in such condition as to enable us to do so, and for those reasons further preparations on that issue will be allowed upon a return of the cause.

Wherefore the judgment is reversed, with directions to set it aside, and for further proceedings consistent with this opinion.