Affirming in part and reversing in part.
J.T. Eddington died intestate in the fall of 1941 the owner of two parcels of real estate, one located in the town of Shepherdsville and one located outside of Shepherdsville in Bullitt county. He left surviving him his widow, Amanda Eddington, and three children; namely, Virginia Denny, a daughter by Amanda Eddington, and two children by a former marriage, J.W. Eddington and Hattie McFarland.
Amanda Eddington (also referred to in the record as "Benie" Eddington), who was appointed administratrix of decedent's estate, brought this action individually and in her representative capacity, naming party defendants decedent's three children and their spouses and certain creditors of decedent. She alleged that the estate was indebted to the named creditors, including herself, alleging that her deceased husband was indebted to her in the aggregate sum of $1,352.54 represented by five separate notes including the interest thereon. She prayed that a homestead be set aside for her and that the remainder of the land be sold, and that the case be referred to the master commissioner for ascertaining claims against the estate. Hattie McFarland and her husband filed their answer in which they merely stated that Hattie McFarland is one of the children of J.T. Eddington and as such is an heir and entitled to her share of the proceeds of his property after the payment of the indebtedness. The other heirs filed no answer or other pleading.
It appears that oral testimony was taken in open court, but the only part of it transcribed and contained in the record before us is the evidence of appellant, Amanda Eddington, which relates to the notes she claimed against the estate of her deceased husband. The master commissioner made his report setting out the *Page 550 
various items of indebtedness against the estate of decedent, including the claim of appellant aggregating the amount stated above. J.W. Eddington, as an heir of his father's estate, filed exceptions to so much of the special commissioner's report as allowed the notes of appellant as an item of indebtedness against the estate, on the grounds that (1) the notes were not executed or signed by J.T. Eddington, and (2) appellant was the wife of J.T. Eddington and the execution of the notes without any notice of same being acknowledged was in effect a transfer of property between parties without any notice being acknowledged and recorded, and to that extent is inferior to the claim of other creditors. Appellant filed exceptions to the commissioner's report on the ground of inadequacy of the selling price, alleging that the land sold by the commissioner was reasonably worth the amount of indebtedness which was $2,304.51 and costs, while the commissioner's report shows the purchase price of same was $1,475, and asked that the commissioner's report of sale be set aside and the property ordered resold and for such relief as to which she is entitled. However, there is a stipulation filed in the record whereby it was agreed by the parties that the commissioner's sale in the lower court may be affirmed insofar as it affects the sale of the land in the county outside of Shepherdsville and to that extent appellant withdrew her exceptions filed to the report of sale. The court entered judgment selling the two parcels of real estate and allowing the claims of the various creditors including that of appellant, but provided that: "It is further adjudged that said claim of 'Benie' Eddington (appellant) is inferior to the claims of other creditors." The judgment further provided: "Benie Eddington having elected to accept dower interest in said land and she being 57 years of age it is ordered that her interest therein amounting to 18.72%, of the proceeds of sale be paid in cash to her after payment of court costs."
The appellant has appealed from the judgment, insisting (1) that the court erred in adjudging her dower interest in the land of her deceased husband instead of alloting her homestead as prayed in her petition, and (2) that the court further erred in adjudging that appellant's claim against the estate of her deceased husband was inferior to the claims of other creditors.
The argument for appellant is that by her pleadings, the prayer of the petition, she elected to take homestead *Page 551 
in the land of her deceased husband, and further, that if she had made no election it was the duty of the court to allow or set apart to her homestead instead of dower, since the former is more beneficial to her, and to support this contention there are cited the cases of Campbell et al. v. Whisman et al.,183 Ky. 256, 209 S.W. 27; Anderson et al. v. Sanders, 193 Ky. 364,236 S.W. 561; Carver v. Elmore et al., 147 Ky. 521,144 S.W. 1062; Parnell v. Loving et al., 220 Ky. 471, 295 S.W. 462, and other cases of a like nature. The further point is made that since the judgment is not supported by the pleadings it is erroneous, citing Freeman on Judgments, 5th Edition, Vol. 3, Section 1294, page 2686, which reads: "The cause of action pleaded cannot be enlarged by evidence. It follows that the judgment must strictly conform to the pleadings and the relief granted cannot properly exceed that authorized by the facts alleged. So a judgment reciting a waiver of exemptions and directing an indorsement of this fact upon the execution is not warranted by a complaint containing no such allegation." Reference is also made to Section 90 of the Civil Code of Practice, which provides that the petition must demand the specific relief to which the plaintiff considers himself entitled, and may contain a general prayer for other relief to which he may appear to be entitled. If no defense be made, the plaintiff cannot have judgment for any relief not specifically demanded; but, if defense be made, he may have judgment for other relief under a prayer therefor. But, the prayer of the petition in the present case does not contain any such broad or general provision and the only relief asked was homestead right, whereas the only relief given was dower interest. There are also cited the cases of Cecil v. Cecil's Ex'rs et al.,185 Ky. 787, 215 S.W. 794; Halcomb v. Phipps, 194 Ky. 648,240 S.W. 363; Cumberland Telephone Telegraph Co. v. City of Hickman, 129 Ky. 220, 111 S.W. 311; Holt's Adm'r v. Johnson et al., 247 Ky. 180, 56 S.W.2d 962.
Appellee concedes that but for the recitation in the judgment that appellant elected to accept dower interest in the land, the position of appellant would be well taken, as indicated in the authorities cited in support thereof. But appellee insists that since the judgment recites that appellant elected to accept dower interest she is bound thereby, since the rule that a decree in a matter outside of the issues raised by the pleadings is a nullity, does not apply to a judgment entered by consent, as was held in *Page 552 
Hargis v. Hargis, 252 Ky. 198, 66 S.W.2d 59. There are also cited the cases of Boone v. Ohio Valley Fire Marine Ins. Co.'s Receiver et al., 246 Ky. 489, 55 S.W.2d 374; Lincoln County Board of Education v. Board of Trustees of Stanford Graded Common School District, 225 Ky. 21, 7 S.W.2d 499; Keach v. Keach, 217 Ky. 723, 290 S.W. 709; Lodge et al. v. Williams et al., 195 Ky. 773, 243 S.W. 1011, 1013. Some of the above cited cases, except the Hargis case and the Lodge case, may not be precisely in point with the facts in the present case, but more or less collateral, but they still have some bearing upon the question. In the Lodge case it is said: "As the parties to a suit in a court of general jurisdiction may agree as to the subject-matter of their litigation, and thereby waive the objection that the issue was not embraced by the pleadings, the general rule that a decree or judgment on a matter outside of the issues raised by the pleadings is a nullity, does not apply to judgments entered by consent. Cecil v. Cecil's Ex'rs, 185 Ky. 787, 215 S.W. 794; 15 R. C. L., p. 643. As the judgment in question was entered by consent, it follows that the court had the power to adjudicate the issue, though it was not raised by the pleadings." To the same effect, see Roberts v. Caldwell, 5 Dana 512, 35 Ky. 512; Hopkins County v. St. Bernard Coal Company, 114 Ky. 153, 70 S.W. 289, 24 Ky. Law Rep. 942; Newhall v. Mahan, Secretary of State, 245 Ky. 626, 54 S.W.2d 26, 27.
With further reference to the contention that the recitation in the judgment to the effect that appellant elected to accept dower is not binding, if it be conceded that Freeman on Judgments, cited supra, tends to support that contention, yet it appears from the domestic cases cited supra that a different rule prevails in this jurisdiction. We conclude, therefore, that appellant is bound by the judgment and cannot now complain that the chancellor adjudged her dower instead of homestead.
The other phase of the judgment, adjudging appellant's notes inferior to the claims of other creditors, presents a different situation. The validity of the notes were attacked in the answer and also by exceptions to the commissioner's report, which exceptions the court overruled, holding that the grounds of attack made on the validity of the notes were not supported by the evidence, and allowed the notes. It is not recited in the judgment nor elsewhere shown in the record that appellant agreed that *Page 553 
her claim represented by the notes was inferior to the claims of other creditors, nor does the judgment of the chancellor assign any reasons for holding them inferior. Appellee insists, however, that it is now too late for appellant to complain that her notes were held inferior, apparently upon the ground that no objections to the judgment were made in the lower court and no motion made to set aside the judgment, and in support thereof the case of First National Bank of Louisville v. Bickel et al., 154 Ky. 11, 156 S.W. 856, 857, is cited. It appears, however, that what was said in that opinion had reference to an order entered during the practice of the case rather than a final judgment adjudicating and fixing the rights of the parties. The court pointed out that it "would appear that these orders were made by consent or agreement of counsel representing both parties, as no objection was taken or exceptions saved." In the present case, however, the appeal is from a final judgment of the court determining and adjudicating the rights of the parties. It is conceded by appellee, and rightfully so, that for the purpose of an appeal objection or exception to a final judgment is not necessary. Furthermore, it appears that the Bickel case, supra, was dealing with what purported to be or might have been treated as a "consent" order, whereas, as we have already stated, there is nothing in the record purporting to show that appellant consented to that part of the judgment holding her claim inferior to that of other creditors. We do not think the Bickel case supports appellee's position.
For reasons stated, the judgment is affirmed insofar as it adjudges appellant dower in the estate of her deceased husband, but reversed insofar as it holds that her claim against her decedent's estate is inferior to the claims of other general creditors, and remanded for proceedings consistent with this opinion.